[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re I.A.*, Slip Opinion No. 2014-Ohio-3155.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3155

IN RE I.A.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re I.A.*, Slip Opinion No. 2014-Ohio-3155.]**

*Juvenile delinquency—Classification as juvenile-offender registrant—R.C. 2152.83(B)—Timing of hearing.*

(No. 2012-2122—Submitted October 9, 2013—Decided July 22, 2014.)

CERTIFIED by the Court of Appeals for Montgomery County, No. 25078, 2012-Ohio-4973.

_____

PFEIFER, J.

{¶ 1} In this case, we address the issue of when a juvenile court can conduct an R.C. 2152.83(B)(2) hearing to determine whether a juvenile adjudged delinquent should undergo juvenile-offender-registrant classification. Specifically, we address whether a juvenile court can conduct an R.C. 2152.83(B)(2) hearing at the time of disposition in a case in which a juvenile is committed to a secure facility, or whether the court must wait to conduct the classification hearing until the juvenile is released from the secure facility. We

hold that pursuant to R.C. 2152.83(B)(1), a court that commits a child to a secure facility may conduct at the time of disposition a hearing regarding the appropriateness of juvenile-offender-registrant classification for that child.

Factual and Procedural Background

{¶ 2} On December 12, 2011, the Clark County Juvenile Court adjudicated defendant-appellant, I.A., delinquent for a rape he committed when he was 14 years old, a first-degree felony under R.C. 2907(A)(1)(b) if committed by an adult. That court transferred the matter to Montgomery County, I.A.'s home county, for disposition. At I.A.'s February 1, 2012 disposition hearing, the Montgomery County Juvenile Court committed him to the Department of Youth Services for a period of at least one year and potentially until he turns 21 years old. At that same hearing, the court determined that I.A. should be classified as a juvenile-offender registrant and then classified him as a Tier III sex offender/child-victim offender. The court did not make I.A. subject to community notification.

{¶ 3} I.A. appealed his classification to the Second District Court of Appeals. He contended that the classification violated R.C. 2152.83(B)(1) because the hearing to determine whether he should be classified occurred at the time of his disposition, rather than upon his release from a secure facility. R.C. 2152.83(B)(1) states:

> (B)(1) The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility a hearing for the purposes described in division (B)(2) of this section * * *.

**{¶ 4}** I.A. argued that since the juvenile court committed him to the custody of the Department of Youth Services in a secure facility, the court's only option was to classify him "at the time of the child's release from the secure facility" and not at the time of disposition. The appellate court, however, affirmed the judgment of the juvenile court, holding that the language of R.C. 2152.83(B)(1) is unambiguous:

> Under division (B) classification as a juvenile-offender registrant is not automatic; a hearing must first be held after which the court must decide whether classification is appropriate. The hearing may be conducted at disposition or it may be conducted on a committed-juvenile's release, or the hearing need not be conducted at all. Division (B) states only that a court "may" conduct a hearing at either time—a court "may" choose not to conduct a hearing at either time, or perhaps a court "may" choose to conduct a hearing at both times. Of course, this choice exists only in a case in which the juvenile is committed to a secure facility.

2012-Ohio-4973, ¶ 15.

**{¶ 5}** The court below recognized in its opinion that its interpretation of R.C. 2152.83(B) differed from that of the Fifth District Court of Appeals in *In re B.G.,* 5th Dist. Ashland No. 2011-COA-012, 2011-Ohio-5898. I.A. moved the court to certify that its judgment was in conflict with the Fifth District, and the court sustained that motion. This court agreed that a conflict exists and ordered briefing on the following issue: "If a court commits a child to a secure facility, does R.C. 2152.83(B)(1) permit the court to conduct a classification hearing at the time of disposition?" 134 Ohio St.3d 1447, 2013-Ohio-347, 987 N.E.2d 726.

Law and Analysis

**{¶ 6}** R.C. 2152.83(B) sets forth the juvenile-offender-registrant-classification procedure for 14- and 15-year-old juveniles who are judged delinquent for committing a sexually oriented offense or a child-victim-oriented offense and who are not subject to R.C. 2152.82 (repeat offender) or 2152.86 (serious youthful offender). Under R.C. 2152.83(B), juvenile-offender-registrant classification is not mandatory; a judge may classify a juvenile as a juvenile-offender registrant only after first conducting a hearing pursuant to R.C. 2152.83(B)(2) to determine whether the delinquent child should be so classified. As part of that hearing, a judge must consider numerous statutory factors—including information about the offender, the victim, the nature of the crime, and other factors—before determining whether the juvenile should be subject to juvenile-offender-registrant classification. R.C. 2152.83(D). But the decision whether to even hold the hearing is at the judge's discretion, pursuant to R.C. 2152.83(B)(1). Both sides in this case agree on that.

**{¶ 7}** Where the parties and appellate districts diverge is on the timing of an R.C. 2152.83(B)(2) hearing. I.A. argues that since the court committed him to a secure facility, it was prohibited from holding an R.C. 2152.83(B)(2) hearing until after his release from the secure facility; only if the court's disposition of I.A. had not included committing him to a secure facility, he argues, could the court have held the hearing at the time of the disposition. This is the interpretation of the statute espoused by the court in *B.G.* In that case, the court recognized that "R.C. 2152.83(B) has been construed as permitting the court to choose when to classify the child, that is, either at the time of disposition or the time of the child's release," *In re B.G.*, 2011-Ohio-5898, ¶ 31, but concluded that that interpretation runs contrary to the intent of the General Assembly:

4

We find this is not what the Legislature intended. The statute should be construed as permitting the court to classify the child at disposition unless the child is sent to a secure facility, in which case it may classify the child upon release. The use of the word "may" indicates the court has discretion to decide whether, not when, to classify the child.

*Id.* at ¶ 32.

{¶ 8} The court in *B.G.* wrote that R.C. 2152.83(B)(2) supports its interpretation of R.C. 2152.83(B)(1). R.C. 2152.83(B)(2) states the purpose of a hearing held pursuant to (B)(1):

A judge shall conduct a hearing under division (B)(1) of this section to review the effectiveness of the disposition made of the child and of any treatment provided for the child placed in a secure setting and to determine whether the child should be classified a juvenile offender registrant.

{¶ 9} The court found that "[t]his language supports the interpretation that the Legislature intended for the court to classify the child only after determining whether the disposition and treatment provided for the child in a secure setting was effective." *Id.* at ¶ 37.

{¶ 10} The court in *B.G.* also stated, "Our reading of the statute is also more in accord with the purpose and goals of the juvenile justice system." 2011-Ohio-5898, at ¶ 40. The court reasoned that a court should give a child the full benefit of rehabilitation and treatment before classifying him a juvenile-offender registrant subject to community notification. *Id.* at ¶ 41.

{¶ 11} In the present case, the appellate court dealt squarely with *B.G.*, holding that since the plain language of R.C. 2152.83(B)(1) is unambiguous, the court "must reject any effort to determine what the legislature intended to enact." 2012-Ohio-4973, ¶ 15. The court also stated that in three previous cases, the Fifth District had held that the plain language of R.C. 2152.83(B)(1) leaves to the discretion of the juvenile court the timing of a hearing. *Id.* at ¶ 13, citing *In re Carr*, 5th Dist. Licking No. 08 CA 19, 2008-Ohio-5689, ¶ 21; *In re McAllister*, 5th Dist. Stark No. 2006CA00073, 2006-Ohio-5554, ¶ 10; and *In re Callahan*, 5th Dist. Ashland No. 04COA064, 2005-Ohio-735, ¶ 11. As the court below pointed out, *B.G.* did not address those previous decisions.

{¶ 12} We agree with the appellate court in this case that the language in R.C. 2152.83(B)(1) speaks for itself. "Our first duty in statutory interpretation is to determine whether the statute is clear and unambiguous." *Estate of Heintzelman v. Air Experts, Inc.*, 126 Ohio St.3d 138, 2010-Ohio-3264, 931 N.E.2d 548, ¶ 15. We examine the words used by the General Assembly in the statute, "and when the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written." *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496.

{¶ 13} "The statutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary * * *." *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107, 271 N.E.2d 834 (1971); here, the General Assembly has written a permissive statute. R.C. 2152.83(B)(1) allows, but does not require, "[t]he court that adjudicates a child a delinquent child" to hold a hearing that may result in a child being classified as a juvenile-offender registrant. The plain language of the statute is unambiguous— "[t]he court that adjudicates a child a delinquent child" may hold an R.C. 2152.83(B)(2) hearing at the time of the disposition. Since "[t]he court that

adjudicates a child a delinquent child" necessarily includes a court that commits a child to a secure facility, it follows that a court that commits a child to a secure facility may hold an R.C. 2152.83(B)(2) hearing at the time of disposition.

{¶ 14} R.C. 2152.83(B)(1) does not prevent a court that commits a juvenile to a secure facility from holding an R.C. 2152.83(B)(2) hearing at the time of the disposition of the child. Instead, if the court that adjudicates a child delinquent commits the child to a secure facility, it has a further option: it may conduct a hearing at the time of the child's release from the secured facility. The availability of the second opportunity to hold an R.C. 2152.83(B)(1) hearing is conditioned upon the court committing the juvenile to a secure facility. R.C. 2152.83(B)(1) presents choices for a court that commits a child to a secure facility; it expands a court's options under certain conditions rather than restricting a court to a certain pathway.

{¶ 15} We reject the court's contention in *B.G.* that R.C. 2152.83(B)(2) supports the interpretation that R.C. 2152.83(B)(1) requires the completion of a child's disposition to a secure facility before a court can conduct a hearing on whether the child should be classified a juvenile-offender registrant. Since (B)(1) indisputably allows a judge to hold a hearing regarding classification when a child is not committed to a secure facility, a consideration of the effectiveness of the disposition of the child is obviously not an essential element to making a classification determination.

{¶ 16} Finally, the court in *B.G.* stated that its interpretation of R.C. 2152.83(B)(1) comported with the "purpose and goals of the juvenile justice system." 2011-Ohio-5898, ¶ 40. Since the statute is clear on its face, we need not consider how it fits into the philosophical background of the juvenile justice system. Still, providing a judge more options for dealing with a delinquent juvenile is not contrary to the goals of the juvenile justice system. The juvenile court in this case employed a thoughtful analysis regarding how the timing of an

R.C. 2152.83(B)(2) hearing might affect a child's rehabilitation, explaining to I.A. and I.A.'s counsel during the hearing the court's beliefs about the possible benefits of classification at disposition:

> I believe there's substantial literature both within the state of Ohio and around the country that—a strong argument to classify the youth today, if I'm going to classify him at all, is because it gives the youth motivation to understand that if they've been classified—as I would tell your client, if he's classified today, if you do better through your treatment, you can have it reduced or I can declassify you.
>
> Many psychologists have determined that that motivation is a good motivation to give a youth that can successfully help that youth complete sex offender treatment. This court is clearly following that logic in my determination when I do classify you.

{¶ 17} Under R.C. 2152.84(A), any child classified as a juvenile-offender registrant pursuant to R.C. 2152.83(B) receives a mandatory hearing at the completion of the juvenile's disposition "to review the effectiveness of the disposition and of any treatment provided for the child, to determine the risks that the child might re-offend, [and] to determine whether the prior classification of the child as a juvenile offender registrant should be continued or terminated." Thus, every child classified after an R.C. 2152.83(B)(2) hearing—whether the court decides to classify the juvenile at disposition or after release from a secure facility—will receive at the completion of his or her disposition a hearing regarding whether the classification continues to be appropriate.

Conclusion

{¶ 18} In this conflict case, this court ordered briefing on the question "If a court commits a child to a secure facility, does R.C. 2152.83(B)(1) permit the court to conduct a classification hearing at the time of disposition?" We answer that question in the affirmative. In this case, R.C. 2152.83(B)(1) allowed the juvenile court, as a court that adjudicated I.A. a delinquent child, to hold an R.C. 2152.83(B)(2) hearing at the time of disposition. Further, as the court that committed I.A. to a secure facility, the juvenile court also had the ability to hold a hearing upon I.A.'s release from the secure facility. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., concurs in judgment only.

_____

**FRENCH, J., concurring in judgment only.**

{¶ 19} I agree that it was proper for the juvenile court to hold a classification hearing at the time of I.A.'s disposition. I write separately, however, to disavow the notion—as stated in the court of appeals' opinion, 2012-Ohio-4973, ¶ 15, and as suggested by the majority at ¶ 14 and 17—that the juvenile court could have also held a *second* R.C. 2152.83(B) hearing at the time of I.A.'s release. R.C. 2152.83(B) authorizes only a single hearing. A juvenile court may choose to hold that hearing either at the juvenile's disposition or at the time of the juvenile's release, but not at both.

{¶ 20} R.C. 2152.83(B)(1) provides that a juvenile court "may conduct at the time of disposition of the child *or*, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility a hearing." (Emphasis added.) Although

9

the statute unambiguously provides a court with two options, the connector "or" separates them, indicating distinct alternatives. *Pizza v. Sunset Fireworks Co., Inc.*, 25 Ohio St.3d 1, 4-5, 494 N.E.2d 1115 (1986). A juvenile court may choose option one (a hearing at disposition) *or* option two (a hearing at release), but it cannot choose both.

**{¶ 21}** Indeed, R.C. 2152.83(B)(2) authorizes only a single hearing. ("A judge shall conduct *a hearing* under division (B)(1) of this section * * *"). And the remainder of the statute unambiguously refers to the R.C. 2152.83(B) hearing as a one-time event. *See* R.C. 2152.83(B)(1) (juvenile court "may conduct * * * *a hearing*" [emphasis added]), 2152.83(B)(2) ("The judge may conduct *the hearing*"; "If the judge conducts *the hearing*"; "upon completion of *the hearing*" [emphasis added]), and 2152.83(C)(1) (referring to "*the hearing* under division (B) of this section" [emphasis added]).

**{¶ 22}** Given the consistent, plain language of the statute, I cannot support the idea that "a court 'may' choose to conduct a hearing at both times." 2012-Ohio-4973, ¶ 15. A juvenile court has discretion over the timing of its R.C. 2152.83(B) hearing, but there can be only one hearing.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Andrew T. French and Matthew T. Crawford, Assistant Prosecuting Attorneys, for appellee.

Timothy Young, State Public Defender, and Amanda J. Powell, Assistant Public Defender, for appellant.

_____