[Cite as *In re O.P.*, 2018-Ohio-580.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105429

---

## IN RE: O.P.
## Minor Child

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 15101127


**BEFORE:**  Keough, J., Laster Mays, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**  February 15, 2018

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By: Cullen Sweeney
Deputy Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

Jennifer Simmons
Assistant Public Defender
9300 Quincy Avenue, 5th Floor
Cleveland, Ohio 44106


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: James Sean Gallagher
Assistant County Prosecutor
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, O.P., appeals from the trial court's judgment denying his motion to vacate the juvenile court's judgment that designated him a Tier I juvenile sex offender under R.C. 2152.83(B). For the reasons that follow, we reverse and remand with instructions for the juvenile court to enter an order vacating the juvenile sexual offender designation.

## I.  Facts and Procedural History

{¶2} On September 23, 2015, O.P. was adjudicated delinquent of rape. He was 15 at the time of his offense. The victim in the case was his 9-year-old sister. On October 30, 2015, the juvenile court held a dispositional hearing and ordered that O.P. be placed in a residential treatment center at Cleveland Christian Home. The juvenile court did not classify O.P. as a sex offender at the time of disposition.

{¶3} On May 4, 2016 and November 7, 2016, the juvenile court held hearings at which it reviewed O.P.'s placement at the Cleveland Christian Home. On January 5, 2017, the juvenile court held a hearing to determine whether O.P. should be released from the treatment center. The juvenile court agreed to discharge O.P. from the Cleveland Christian Home and return him to his mother's custody, finding that he had successfully completed his program.

**{¶4}** The court then proceeded to hold a juvenile sex offender classification hearing at which it classified O.P. as a Tier I offender. O.P. subsequently filed a motion to vacate the classification, arguing that the trial court erred in untimely classifying him upon his release from the Cleveland Christian Home, which is not a secure facility, and that the classification should therefore be vacated. Attached to O.P.'s motion was an affidavit from Mary Rodgers, placement aftercare coordinator at the Cleveland Christian Home, in which she averred that not all the entrances and exits of the Cleveland Christian Home are locked and under the exclusive control of its staff.

**{¶5}** On June 6, 2017, after a hearing, the trial court denied O.P.'s motion. O.P.'s counsel requested and was granted an opportunity to present the testimony of Gary Underwood, a case manager from the Cleveland Christian Home. Underwood testified that the Cleveland Christian Home has three programs: the Hope Center, the intensive treatment program, and an open residential program. Underwood said that O.P. was placed in the Hope Center, which is a residential treatment program for juvenile sex offenders. He testified that the Hope Center "is not a locked unit" and that a youth could simply walk away from the facility.

**{¶6}** The juvenile court noted Underwood's testimony for the record but stated that its decision would stand notwithstanding Underwood's testimony. This appeal followed.

## II. Law and Analysis

**{¶7}** In his assignment of error, O.P. contends that the trial court lacked authority under R.C. 2152.83(B) to classify him as a juvenile sex offender at the time of his release from the Cleveland Christian Home, which is not a secure facility, and that the classification must be vacated. We review this question of law de novo. *Pesek v. Berkopec-Pesek*, 8th Dist. Cuyahoga No. 87840, 2007-Ohio-2630, ¶ 24.

**{¶8}** R.C. 2152.83(B)(1) establishes the statutory procedure for classifying 14- and 15-year-old juveniles as sex offenders. *In re I.A.*, 140 Ohio St.3d 203, 2014-Ohio-3155, 16 N.E.3d 653, ¶ 6. Under R.C. 2152.83(B), a juvenile court is not required to classify a 14- or 15-year-old juvenile adjudicated delinquent of a sexually oriented offense as a juvenile sex offender. *Id.* Rather, "the decision whether to even hold the hearing is at the judge's discretion." *Id.*

**{¶9}** But if the juvenile court wants to hold a hearing and classify the juvenile delinquent as a juvenile sex offender, R.C. 2152.83(B)(1) governs the timing of when the hearing may occur. It states:

> The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility a hearing for the purposes described in (B)(2) of this section * * *

**{¶10}** The statute makes clear that the timing of the hearing depends on whether the juvenile court commits the delinquent child to a secure facility. If the child is committed to a secure facility, the juvenile court may conduct the classification hearing at either the time of disposition or upon the child's release from that facility. *In re I.A.* at ¶ 13-14. But if the child is not committed to a secure facility, the classification hearing, if it occurs at all, must be held at the time of disposition. *Id.*

**{¶11}** R.C. 2950.01(K) defines "secure facility" as follows:

"Secure facility" means any facility that is designed and operated to ensure that all of its entrances and exits are locked and under the exclusive control of its staff and to ensure that, because of that exclusive control, no person who is institutionalized or confined in the facility may leave the facility without permission or supervision.

**{¶12}** To be a "secure facility," the facility must be completely locked down and "have all of its entrances and exits locked." *In re Mudrick*, 5th Dist. Stark No. 2007CA00038, 2007-Ohio-6800, ¶ 16.

**{¶13}** The juvenile court did not conduct a classification hearing upon O.P.'s disposition in October 2015. Nor did it commit him to a secure facility. The evidence before the court as demonstrated by both Rodger's affidavit and Underwood's testimony was that the Cleveland Christian Home is not a "secure facility" pursuant to R.C. 2950.01(K) because not all of its entrances and exits are locked and under the exclusive control of its staff. This evidence was uncontroverted by the state.

**{¶14}** As R.C. 2952.83(B) makes clear, when a juvenile is not committed to a secure facility, the juvenile court loses any authority to classify the juvenile after the dispositional hearing. Thus, in this case, because the juvenile court did not commit O.P. to a secure facility, it had no authority under the statute to conduct a classification hearing upon O.P.'s release from the Cleveland Christian Home. *See Mudrick* at ¶ 18 (trial court had no jurisdiction to hold a classification hearing pursuant to R.C. 2952.83(B)(1) upon the juvenile's release from a residential treatment facility because the facility was not a secure facility).

**{¶15}** Upon appeal, the state no longer disputes that O.P. was not committed to a secure facility. Instead, it advances a new argument that the juvenile court had the authority to conduct a classification hearing when O.P. was released from the Cleveland Christian Home because the juvenile court has the authority to classify a juvenile at "any point in the disposition period." It contends that under Juv.R. 2(M), "dispositional hearing" means "a hearing to determine what action shall be taken concerning a child who is within the jurisdiction of the court," and therefore, the January 5, 2017 hearing to determine whether O.P. should be released from the Cleveland Christian Home was a dispositional hearing.

**{¶16}** The state's argument is wholly without merit. First, it obviously conflicts with the language of R.C. 2152.83(B), which limits the classification hearing to "*the* time

of disposition of the child." That phrase clearly refers to a single point of time — the point where the juvenile court decides which disposition to impose upon the delinquent child under R.C. 2152.11. The state's contention that the phrase could refer to any subsequent hearing, held for any reason, ignores the fact that the word "the" in the statute limits the time for the hearing to a specific or particular point in time.

{¶17} The state's argument also conflicts with the Ohio Supreme Court's interpretation of R.C. 2152.83(B) in *In re I.A.* As the court stated, "R.C. 2152.83(B) authorizes only a single hearing. A juvenile court may choose to hold that hearing either at the juvenile's disposition or at the time of the juvenile's release, but not both." *In re I.A.*, 140 Ohio St.3d 203, 2014-Ohio-3155, 16 N.E.3d 653, ¶ 19 (French, J., concurring). The court did not find, as the state argues, that the juvenile court may hold the classification period at "any point" during the disposition period. Rather, the Supreme Court was clear that the hearing may be held either at the disposition of the juvenile or upon the juvenile's release from a secure facility. *Id.* at ¶ 13-14.

{¶18} Because the juvenile court did not commit O.P. to a secure facility, it was without authority to hold a classification hearing upon his release from the Cleveland Christian Home. Accordingly, the classification must be vacated.

**{¶19}** The assignment of error is sustained. The juvenile sex offender classification is reversed, and the matter is remanded for the juvenile court to enter an order vacating its judgment finding O.P. to be a Tier I juvenile sex offender.

**{¶20}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., CONCURS;
FRANK D. CELEBREZZE, JR., J., CONCURS IN JUDGMENT ONLY