[Cite as *State v. B.C.M.*, 2018-Ohio-915.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2017-01-008 |
| | : | O P I N I O N |
| - vs - | | 3/12/2018 |
| | : | |
| B.C.M., | : | |
| Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 16-N000132

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Engel & Martin, LLC, Joshua A. Engel, Mary K. Martin, 4460 Duke Drive, Suite 101, Mason, Ohio 45040, for appellant

**PIPER, J.**

{¶ 1} Appellant, B.C.M., appeals his Tier III juvenile sex offender classification by the Warren County Court of Common Pleas, Juvenile Division, after being adjudicated delinquent for two counts of rape and three counts of importuning.

{¶ 2} B.C.M. was adjudicated delinquent for having committed acts that if charged as an adult would constitute rape and importuning. This court affirmed B.C.M.'s adjudication in

*State v. B.C.M.*, 12th Dist. Warren Nos. CA2016-07-059 and CA2016-07-062, 2017-Ohio-1497.

{¶ 3} As part of B.C.M.'s disposition, he was sent to a secured facility. Before being released from that facility, the juvenile court held a classification hearing. During that hearing, the juvenile court determined that B.C.M. was 16 years old at the time of the offenses, and classified him a Tier III juvenile sex offender pursuant to R.C. 2152.83(A)(2). B.C.M. now appeals his classification, raising the following assignment of error.

{¶ 4} THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A JUVENILE OFFENDER REGISTRANT WITHOUT CONDUCTING THE HEARING REQUIRED BY R.C. 2153.83(B) [SIC].

{¶ 5} B.C.M. argues in his assignment of error that the juvenile court erred by determining that he was 16 years old at the time of the offenses and thus subject to mandatory classification.

{¶ 6} The age of a delinquent child at the time he or she committed the offenses determines whether and how the child may be classified as a sex offender. *In re. D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027. R.C. 2152.82 thru 2152.86, as well as R.C. Chapter 2950, set forth Ohio's structure for juvenile-sex-offender classification and registration. Specifically, R.C. 2152.191 identifies which juvenile offenders are subject to classification and registration requirements. The statute essentially provides that children 14 years or older are subject to classification so long as the offense occurred on or after January 1, 2002.

{¶ 7} Whether such classification is mandatory or discretionary is determined by the child's age at the time he or she committed the offense. According to R.C. 2152.83(B), classification is discretionary for juvenile offenders who are 14 or 15 years old at the time of the offense and who are not otherwise subject to repeat-offender classification or serious-youthful-offender classification. *In re I.A.*, 140 Ohio St. 3d 203, 2014-Ohio-3155.

**{¶ 8}** However, and according to R.C. 2152.83(A), classification is mandatory when the child offender is 16 or 17 years old at the time of his or her offense.

> (1) The court that adjudicates a child a delinquent child *shall* issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, *shall* issue at the time of the child's release from the secure facility, an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

> (a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

> (b) The child was sixteen or seventeen years of age at the time of committing the offense.

> (c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

> (2) Prior to issuing the order required by division (A)(2) of this section, the judge shall conduct a hearing under section 2152.831 of the Revised Code, except as otherwise provided in that section, to determine whether the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender. When a judge issues an order under division (A)(1) of this section, the judge shall include in the order the determinations identified in division (B)(5) of section 2152.82 of the Revised Code.

(Emphasis added.)

**{¶ 9}** As such, the Ohio statutory scheme distinguishes offenders who are 16 and 17 years old from those who are 14 or 15 years old at the time of the offense. Thus, R.C. 2152.83(A) applies to offenders who are 16 or 17 years old, and was applied in the case sub judice when the juvenile court determined that B.C.M. was 16 years old at the time of his offenses.

**{¶ 10}** B.C.M. concedes that he did not object to the juvenile court's determination

that he was 16 years old at the time the court made the finding.[1]  Therefore, this court will review the juvenile court's decision for plain error.  Plain error requires a finding by this court that an error occurred that constituted an obvious defect affecting substantial rights and that the error affected the outcome of the matter.  *In re J.B.*, 12th Dist. Butler No. CA2004-09-226, 2005-Ohio-7029.  Courts should notice plain errors "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at ¶ 37.

{¶ 11}  We find no plain error in the juvenile court's finding, as there is ample support in the record that B.C.M. was 16 years old when he committed the sex offenses.  The amended complaint herein alleged that the offenses occurred between November 14, 2014 through November 13, 2015.  This information was based on an interview with the victim wherein she detailed the rapes and instances of importuning as occurring during these dates.  The date range given in the amended complaint also corresponded with the victim's description that the events occurred when she was between eight and nine years old.

{¶ 12}  Moreover, the victim's mother testified that a child services agency was involved at the end of September and beginning of October 2015, thus further corroborating the dates the offenses occurred.  The complaint further set forth that B.C.M. was born in August 1999, and thus turned 16 years old in August 2015, during which the rape offenses and importuning were still occurring.  Thus, the juvenile court did not commit plain error in determining that B.C.M. was 16 years old during the time he committed the offenses.

{¶ 13}  According to the pertinent statutes, the juvenile court was required to hold a hearing before B.C.M. was released from the secured facility.  The juvenile court held such a

---

1. B.C.M. argues that the trial court addressed the difference between offenders aged 14 or 15 compared to those aged 16 or 17 so that this court should use an abuse of discretion standard of review rather than plain error.  However, the record clearly reveals that B.C.M. failed to object when the trial court found that he was 16 years old at the time of his offenses.  Even so, and regardless of the standard of review used in this case, we find that the juvenile court did not err.

- 4 -

hearing and properly followed statutory requirements before classifying B.C.M. a Tier III juvenile sex offender according to R.C. 2152.83(A)(2). The juvenile court committed no error in its classification decision. B.C.M.'s assignment of error is, therefore, overruled.

{¶ 14} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.