[Cite as *In re M.W.*, 2019-Ohio-4564.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: M.W. | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| | : | |
| | : | |
| | : | Case No. 2019 CA 00020 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County
Court of Common Pleas, Juvenile
Division, Case No. A2017-0751

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT:     November 4, 2019

APPEARANCES:

For Plaintiff-Appellant M.W.          For Defendant-Appellee State of Ohio

PAUL GIORGIANNI                       WILLIAM C. HAYES
Giorgianni Law LLC                    Licking County Prosecutor
1538 Arlington Avenue
Columbus, Ohio 43212-2710            By: MANDY R. DELEEUW
                                      Assistant Prosecuting Attorney
BRADLEY P. KOFFEL                     20 S. Second Street, Fourth Floor
The Koffel Law Firm                   Newark, Ohio 43055
1801 Watermark Drive, Suite 350
Columbus, Ohio 43215

*Baldwin, J.*

**{¶1}** Appellant M.W. appeals from the March 25, 2019 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division. Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** The relevant facts leading to this appeal are as follows.

**{¶3}** In early 2017, appellant, then age seventeen, briefly dated a fifteen-year-old female (hereinafter "female victim" or "F.V."). On one occasion during the time frame of February-March 2017, F.V. performed oral sex on appellant while at his house. Appellant recorded some of this conduct in video format on his iPhone. At some point afterward, while the two were still dating, appellant told F.V. that he had sent a "buddy" a video of the aforementioned oral sex act. *See* Tr. at 25-27 (adjudication testimony of F.V.).

**{¶4}** In October 2017, about seven months after appellant and F.V. broke up, two of appellant's male classmates, C.H. and C.P., got into an argument during a vocational class. One of these males, C.H., had also dated F.V. for a couple of months in the fall of 2017. Appellant intervened in the argument by indicating he had something on his phone which would make C.H. angry. After C.H. left the room, appellant showed a portion of a video on his phone to C.P. and a bystander classmate, L.W. This video portion included images of an erect penis and the face of F.V., albeit without showing physical contact.

**{¶5}** School officials then came into the class to investigate. Appellant thereupon gave the phone to another male juvenile, R.S., and asked him to delete certain recorded images. Appellant indicated there was a video of F.V. performing oral sex on appellant

and told him to delete it. R.S. instead left the phone on a bookshelf, and one of the school's administrators secured it.

**{¶6}** On October 20, 2017, appellant was arrested. In the meantime, the phone was provided to law enforcement officials.

**{¶7}** On October 23, 2017, a deputy from the Licking County Sheriff's Office filed a complaint in the juvenile division alleging that appellant was a delinquent child. The complaint listed the following counts:

**{¶8}** Count 1: Pandering sexually-oriented matter involving a minor, R.C. 2907.322(A)(1);

**{¶9}** Count 2: Disseminating matter harmful to a juvenile, R.C. 2907.31(A)(2); Count 3: Attempted tampering with evidence, R.C. 2921.12(A)(1) and R.C. 2923.02(A).

**{¶10}** The juvenile court conducted an initial hearing on October 23, 2017. Appellant remained in detention.

**{¶11}** On November 3, 2017, by agreement with the State of Ohio, the juvenile court released appellant to reside with his father, under house arrest.

**{¶12}** On January 8, 2018, the court conducted a Juv.R. 29 adjudicatory hearing. Via a judgment entry issued that day, appellant was adjudicated delinquent with respect to each of the above three counts.

**{¶13}** On March 5, 2018, the court conducted a dispositional hearing and entered a final judgment. Appellant was thereby committed to the Department of Youth Services ("DYS") for a minimum period of two years, as follows: twelve months on the pandering count, six months on the dissemination count, and six months on the tampering count, all consecutive to each other. The court also declared appellant a Tier II juvenile sex

offender, with requirements for registration for twenty years (R.C. 2950.07(B)(2) ) and an in-person residence verification every 180 days (R.C. 2950.06(B)(2) ).

{¶14} On March 14, 2018, appellant filed a notice of appeal. Appellant raised the following assignments of error on appeal:

{¶15} "I. THE ADJUDICATION OF DELINQUENCY ON COUNT 1 IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶16} "II. THE ADJUDICATION OF DELINQUENCY ON COUNT 2 IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶17} "III. IF APPELLANT'S EXHIBITION OF THE VIDEO TO C.P. AND L.W. WAS 'HARMFUL TO JUVENILES' WITHIN THE MEANING OF R.C. 2907.31(A)(2), THEN THAT STATUTE IS UNCONSTITUTIONALLY VAGUE AND IRRATIONAL AS APPLIED TO THE FACTS OF THIS CASE."

{¶18} "IV. DESPITE EVID.R. 1002, THE JUVENILE COURT ALLOWED INTO EVIDENCE AND RELIED UPON STATEMENTS DESCRIBING THE CONTENT OF THE VIDEO."

{¶19} "V. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY HIS COUNSEL'S FAILURE TO OBJECT, BASED UPON EVID.R. 1002, TO THE STATEMENTS DESCRIBING THE CONTENT OF THE VIDEO."

{¶20} "VI. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN THE AGGREGATE.

{¶21} "VII. THE DISPOSITIONAL ORDER CONSTITUTES AN ABUSE OF DISCRETION."

{¶22} Pursuant to an Opinion filed on December 21, 2018 in *In re M.W.,* 5th Dist. Licking No. 2018 CA 0021, 2018-Ohio-5227, 2018 WL 6787946, this Court affirmed the judgment of the trial court in part and reversed and remanded the judgment in part. This Court sustained appellant's second assignment of error and found appellant's third assignment of error to be moot. We further found appellant's seventh assignment of error to be premature. This Court remanded the matter for further dispositional proceedings in accordance with our opinion and the law. This Court overruled appellant's Motion for Reconsideration and the Ohio Supreme Court declined to accept the appeal for review. See *In re M.W.,* 156 Ohio St.3d 1465, 2019-Ohio-2892.

{¶23} On March 25, 2019, the trial court conducted another dispositional hearing. At the conclusion of the hearing, the trial court stated that it was going to "reaffirm its prior classification of appellant as a Tier II juvenile offender registrant and that it would review such classification in six months. Transcript at 18. The trial court also placed appellant on non-reporting probation for a period of six months. The trial court's decision was memorialized in a Judgment Entry filed on March 25, 2019.

{¶24} Appellant now raises the following assignments of error on appeal:

{¶25} "I. THE JUVENILE COURT (SIC) CLASSIFIED APPELLANT AS A TIER II JUVENILE OFFENDER REGISTRANT RATHER THAN A TIER I JUVENILE OFFENDER REGISTRANT."

**{¶26}** "II. AS APPLIED TO THE FACTS OF THIS CASE, THE MANDATORY ASPECT OF OHIO'S JUVENILE OFFENDER REGISTRATION REGIME IS "CRUEL AND UNUSUAL" WITHIN THE MEANING OF THE EIGHTH AMENDMENT."

**{¶27}** "III. AS APPLIED TO THE FACTS OF THIS CASE, THE MANDATORY ASPECT OF OHIO'S JUVENILE OFFENDER REGISTRATION REGIME IS "CRUEL AND UNUSUAL" WITHIN THE MEANING OF ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION."

**{¶28}** "IV. AS APPLIED TO THE FACTS OF THIS CASE, THE MANDATORY ASPECT OF OHIO'S JUVENILE OFFENDER REGISTRATION REGIME VIOLATES THE SUBSTANTIVE DUE PROCESS COMPONENT OF THE FOURTEENTH AMENDMENT."

I

**{¶29}** Appellant, in his first assignment of error, argues that the trial court abused its discretion by classifying him as a Tier II juvenile offender registrant rather than a Tier I juvenile offender registrant.

**{¶30}** R.C. 2152.83 states, in relevant part, as follows:

**{¶31}** "(A)(1) The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue at the time of the child's release from the secure facility an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

{¶32} (a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

{¶33} (b) The child was sixteen or seventeen years of age at the time of committing the offense.

{¶34} (c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code."

{¶35} Appellant does not dispute that pursuant to such section, this case meets the requirement for juvenile offender registration. A juvenile court may classify a juvenile as a juvenile sex offender "only after first conducting a hearing pursuant to R.C. 2152.83(B)(2) to determine whether the delinquent child *should* be so classified." (Emphasis added.) *In re I.A.*, 140 Ohio St.3d 203, 2014–Ohio–3155, 16 N.E.3d 653, ¶ 6. As part of the hearing pursuant to R.C. 2152.83(B)(2), a juvenile court must consider numerous statutory factors — including information about the offender, the victim, the nature of the crime, and other factors — before determining whether the juvenile should be subject to a juvenile sex offender classification. *Id.*, citing R.C. 2152.83(D). However, the decision whether to even hold the hearing is at the judge's discretion, pursuant to R.C. 2152.83(B)(1). *Id.*

{¶36} "If the judge determines that it is appropriate to impose juvenile-offender-registrant status, the judge must conduct a tier-classification hearing to determine whether the child should be classified as a Tier I, II, or III sex offender." *In re D.S.,* 146

Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184, at ¶ 14, citing R.C. 2152.83(C) and R.C. 2152.831. "Which tier such an offender is placed in rests within the juvenile court's discretion." *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 20.

**{¶37}** With respect to a juvenile sex offender designation, R.C. 2152.83(D) mandates that: In making a decision under division (B) of this section as to whether a delinquent child should be classified a juvenile offender registrant, a judge shall consider all relevant factors, including, but not limited to, all of the following:

**{¶38}** (1) The nature of the sexually oriented offense or the child-victim oriented offense committed by the child;

**{¶39}** (2) Whether the child has shown any genuine remorse or compunction for the offense;

**{¶40}** (3) The public interest and safety;

**{¶41}** (4) The factors set forth in division (K) of section 2950.11 of the Revised Code, provided that references in the factors as set forth in that division to "the offender" shall be construed for purposes of this division to be references to "the delinquent child;"

**{¶42}** (5) The factors set forth in divisions (B) and (C) of section 2929.12 of the Revised Code as those factors apply regarding the delinquent child, the offense, and the victim;

**{¶43}** (6) The results of any treatment provided to the child and of any follow-up professional assessment of the child.

**{¶44}** The factors set forth in R.C. 2950.11(K) include:

**{¶45}** (1) The offender's age;

{¶46} (2) The offender's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexually oriented offenses or child-victim oriented offenses;

{¶47} (3) The age of the victim of the sexually oriented offense or child-victim oriented offense the offender committed;

{¶48} (4) Whether the sexually oriented offense or child-victim oriented offense the offender committed involved multiple victims;

{¶49} (5) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or child-victim oriented offense the offender committed or to prevent the victim from resisting;

{¶50} (6) If the offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be a criminal offense, whether the offender completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sexually oriented offense or a child-victim oriented offense, whether the offender or delinquent child participated in available programs for sex offenders or child-victim offenders;

{¶51} (7) Any mental illness or mental disability of the offender;

{¶52} (8) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense the offender committed or the nature of the offender's interaction in a sexual context with the victim of the child-victim oriented offense the offender committed, whichever is applicable, and

whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

**{¶53}** (9) Whether the offender, during the commission of the sexually oriented offense or child-victim oriented offense the offender committed, displayed cruelty or made one or more threats of cruelty;

**{¶54}** (10) Any additional behavioral characteristics that contribute to the offender's conduct.

**{¶55}** The factors under R.C. 2929.12(B) and (C) involve considerations of whether the offender's conduct was "more serious than conduct normally constituting the offense," or "less serious than conduct normally constituting the offense * * *."

**{¶56}** A juvenile court is awarded broad discretion in classifying an offender as a Tier I, Tier II, or Tier III juvenile sex offender. *See In re K.D.H.*, 12th Dist. Butler No. CA2012-09-188, 2013-Ohio-2636, ¶ 8, citing *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, at ¶ 20.  The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶57}** In support of his argument that the juvenile court abused its discretion in classifying him as a Tier II juvenile offender registrant rather than a Tier I juvenile offender registrant, appellant argues that the trial court did not give any reason for choosing Tier II over Tier I. Appellant also notes that the only person recommending Tier II classification was a probation officer who was a court employee and that both the court-appointed

psychologist and psychologist retained by appellant "opine[d] that the risk of offending is low and that juvenile offender registration is unlikely to provide any benefit."

{¶58} We note that the trial court, in the case sub judice, in classifying appellant, did not make the findings necessary to classify the youth as a Tier II juvenile sex offender registrant as required by R.C. 2152.83. Neither in its Judgment Entry nor on the record did the trial court make any factual findings. We find that in order to conduct a meaningful review of the trial court's decision to classify appellant as a Tier II juvenile offender registrant, we must be able to determine that the trial court considered all applicable statutory factors.

{¶59} We conclude that the record does not contain a sufficient rationale to permit us to perform meaningful appellate review of the classification under an abuse-of-discretion standard.

{¶60} We therefore sustain appellant's first assignment of error, reverse the dispositional order of the trial court, and remand the matter to the juvenile court for re-consideration of the juvenile-offender registrant classification, for consideration of the statutory factors sufficient to permit us to review the classification for an abuse of discretion.

{¶61} Based on our disposition of appellant's first assignment of error, the remaining assignments of error are moot.

{¶62} Accordingly, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded for further proceedings consistent with this Opinion.

By: Baldwin, J.

Delaney, P.J. and

Wise, Earle, J. concur.