[Cite as *In re M.W.*, 2020-Ohio-3644.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: M.W. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2020 CA 0001 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Licking County
                                 Court of Common Pleas, Juvenile
                                 Division, Case No. A2017-0751

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                July 6, 2020

APPEARANCES:

For Plaintiff-Appellant M.W.               For Defendant-Appellee

BRADLEY P. KOFFEL                          WILLIAM C. HAYES
Koffel, Brininger, Nesbitt                 Licking County Prosecutor
1801 Watermark Drive, Suite 350
Columbus, Ohio 43215                       By: Paula M. Sawyers
                                           Assistant Prosecuting Attorney
                                           20 S. Second Street, Fourth Floor
                                           Newark, Ohio 43055

*Baldwin, J.*

{¶1} Appellant M.W. appeals from the January 9, 2020 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division. Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} The relevant facts leading to this appeal are as follows:

{¶3} In early 2017, appellant, then age seventeen, briefly dated a fifteen-year-old female (hereinafter "female victim" or "F.V."). On one occasion during the time frame of February-March 2017, F.V. performed oral sex on appellant while at his house. Appellant recorded some of this conduct in video format on his iPhone. At some point afterward, while the two were still dating, appellant told F.V. that he had sent a "buddy" a video of the aforementioned oral sex act. *See* Tr. at 25-27 (adjudication testimony of F.V.).

{¶4} In October 2017, about seven months after appellant and F.V. broke up, two of appellant's male classmates, C.H. and C.P., got into an argument during a vocational class. One of these males, C.H., had also dated F.V. for a couple of months in the fall of 2017. Appellant intervened in the argument by indicating he had something on his phone which would make C.H. angry. After C.H. left the room, appellant showed a portion of a video on his phone to C.P. and a bystander classmate, L.W. This video portion included images of an erect penis and the face of F.V., albeit without showing physical contact.

{¶5} School officials then came into the class to investigate. Appellant thereupon gave the phone to another male juvenile, R.S., and asked him to delete certain recorded images. Appellant indicated there was a video of F.V. performing oral sex on appellant

and told him to delete it. R.S. instead left the phone on a bookshelf, and one of the school's administrators secured it.

{¶6} On October 20, 2017, appellant was arrested. In the meantime, the phone was provided to law enforcement officials.

{¶7} On October 23, 2017, a deputy from the Licking County Sheriff's Office filed a complaint in the juvenile division alleging that appellant was a delinquent child. The complaint listed the following counts:

{¶8} Count 1: Pandering sexually-oriented matter involving a minor, R.C. 2907.322(A)(1);

{¶9} Count 2: Disseminating matter harmful to a juvenile, R.C. 2907.31(A)(2); Count 3: Attempted tampering with evidence, R.C. 2921.12(A)(1) and R.C. 2923.02(A).

{¶10} The juvenile court conducted an initial hearing on October 23, 2017. Appellant remained in detention.

{¶11} On November 3, 2017, by agreement with the State of Ohio, the juvenile court released appellant to reside with his father, under house arrest.

{¶12} On January 8, 2018, the court conducted a Juv.R. 29 adjudicatory hearing. Via a judgment entry issued that day, appellant was adjudicated delinquent with respect to each of the above three counts.

{¶13} On March 5, 2018, the court conducted a dispositional hearing and entered a final judgment. Appellant was thereby committed to the Department of Youth Services ("DYS") for a minimum period of two years, as follows: twelve months on the pandering count, six months on the dissemination count, and six months on the tampering count, all consecutive to each other. The court also declared appellant a Tier II juvenile sex

offender, with requirements for registration for twenty years and an in-person residence verification every 180 days

{¶14} On March 14, 2018, appellant filed a notice of appeal. Appellant raised the following assignments of error on appeal:

{¶15} "I. THE ADJUDICATION OF DELINQUENCY ON COUNT 1 IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶16} "II. THE ADJUDICATION OF DELINQUENCY ON COUNT 2 IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶17} "III. IF APPELLANT'S EXHIBITION OF THE VIDEO TO C.P. AND L.W. WAS 'HARMFUL TO JUVENILES' WITHIN THE MEANING OF R.C. 2907.31(A)(2), THEN THAT STATUTE IS UNCONSTITUTIONALLY VAGUE AND IRRATIONAL AS APPLIED TO THE FACTS OF THIS CASE."

{¶18} "IV. DESPITE EVID.R. 1002, THE JUVENILE COURT ALLOWED INTO EVIDENCE AND RELIED UPON STATEMENTS DESCRIBING THE CONTENT OF THE VIDEO." "V. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY HIS COUNSEL'S FAILURE TO OBJECT, BASED UPON EVID.R. 1002, TO THE STATEMENTS DESCRIBING THE CONTENT OF THE VIDEO." "VI. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN THE AGGREGATE."

{¶19} "VII. THE DISPOSITIONAL ORDER CONSTITUTES AN ABUSE OF DISCRETION."

**{¶20}** Pursuant to an Opinion filed on December 21, 2018 in *In re M.W.*, 5th Dist. Licking No. 2018 CA 0021, 2018-Ohio-5227, this Court affirmed the judgment of the trial court in part and reversed and remanded the judgment in part. This Court sustained appellant's second assignment of error and found appellant's third assignment of error to be moot. We further found appellant's seventh assignment of error to be premature. This Court remanded the matter for further dispositional proceedings in accordance with our opinion and the law. This Court overruled appellant's Motion for Reconsideration and the Ohio Supreme Court declined to accept the appeal for review. See *In re M.W.*, 156 Ohio St.3d 1465, 2019-Ohio-2892.

**{¶21}** On March 25, 2019, the trial court conducted another dispositional hearing. At the conclusion of the hearing, the trial court stated that it was going to "reaffirm its prior classification of appellant as a Tier II juvenile offender registrant and that it would review such classification in six months. Transcript at 18. The trial court also placed appellant on non-reporting probation for a period of six months. The trial court's decision was memorialized in a Judgment Entry filed on March 25, 2019.

**{¶22}** Appellant then appealed. Pursuant to an Opinion filed on November 4, 2019, in *In the Matter of M.W.*, 5th Dist. Licking No. 2019 CA 00020, 2019 -Ohio- 4564, this Court reversed the judgment of the trial court and remanded the matter for further proceedings. We found that the trial court, in the case sub judice, in classifying appellant, did not make the findings necessary to classify the youth as a Tier II juvenile sex offender registrant as required by R.C. 2152.83. We further found that in order to conduct a meaningful review of the trial court's decision to classify appellant as a Tier II juvenile offender registrant, we must be able to determine that the trial court considered all

applicable statutory factors. We concluded that the record did not contain a sufficient rationale to permit us to perform meaningful appellate review of the classification under an abuse-of-discretion standard, reversed the dispositional order of the trial court, and remanded the matter to the juvenile court for re-consideration of the juvenile-offender registrant classification, for consideration of the statutory factors sufficient to permit us to review the classification for an abuse of discretion.

{¶23} A dispositional hearing was held in the trial court on January 6, 2020. At the hearing, the trial court denied appellant's request that it find that the juvenile sex offender registrant law is unconstitutional either on its face or as applied to the facts. The trial court also denied appellant's January 3, 2020 motion to dismiss the entire case pursuant to Juv.R. 29(F)(2)(d) and Juv.R. 9.

{¶24} As memorialized in a Judgment Entry filed on January 9, 2020, the trial court classified appellant as a Tier I juvenile offender registrant and rejected appellant's arguments that classification of him as a juvenile sex offender registrant was unconstitutional as applied to the facts of this case. The trial court also denied appellant's motion to dismiss. The trial court held that appellant was no longer under court supervision.

{¶25} Appellant now appeals, raising the following assignments of error on appeal:

{¶26} "I. THE TRIAL COURT DECLINED TO CONSIDER THE MERITS OF APPELLANT'S JANUARY 3, 2020 MOTION TO DISMISS."

**{¶27}** II. THE TRIAL COURT, REJECTING APPELLANT'S CONSTITUTIONAL ARGUMENTS, CLASSIFIED APPELLANT AS A JUVENILE OFFENDER REGISTRANT."

I

**{¶28}** Appellant, in his first assignment of error, argues that the trial court erred in declining to consider the merits of his Motion to Dismiss.

**{¶29}** Appellant, on January 3, 2020, filed a Motion to Dismiss pursuant to Juv. R. 29(F)(2)(d) and Juv.R. 9. Juv. R 29 states, in relevant part, as follows: "(F) Procedure Upon Determination of the Issues. Upon the determination of the issues, the court shall do one of the following:… (2) If the allegations of the complaint, indictment, or information are admitted or proven, do any one of the following, unless precluded by statute:…(d) Dismiss the complaint if dismissal is in the best interest of the child and the community." In turn, Juv.R. 9 states as follows: **"**(A) Court Action to Be Avoided. In all appropriate cases formal court action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court."

**{¶30}** A juvenile court's decision regarding dismissal of a complaint pursuant to either of these sections will not be reversed absent an abuse of discretion. *In Re D.S..* 152 Ohio St.3d 109. 2017 -Ohio- 8289. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶31}** The trial court, in its January 9, 2020 Judgment Entry, found that the facts of this case did not warrant dismissal. The court addressed the motion on the record and

found that appellant's adjudication had already been affirmed by this Court as to Counts I and II and that dismissal was not appropriate.

{¶32} In the case sub judice, appellant committed the offense when he was 17 years old and the victim was 15 years old. At the January 6, 2020 hearing, there was evidence that appellant had a history of inappropriate aggressive behavior, a lengthy behavioral history with school, and a history of defying authority and of acting out inappropriately with peers in aggression. Appellant had received infractions while at DYS for not following staff directions. The trial court also noted that appellant had shown pornography involving a minor to two other minors. Moreover, the trial court reviewed report from 2 psychologists and noted that appellant continued to suffer from depression and anxiety. We concur with appellee that these facts support the trial court's discretion and judgment in denying the motion to dismiss the complaints after a full adjudication on a sexually oriented offense.

{¶33} We find that the trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶34} Appellant's first assignment of error is, therefore, overruled.

II

{¶35} Appellant, in his second assignment of error, argues that the trial court erred in rejecting his constitutional arguments and in classifying him as a juvenile sex offender registrant.

{¶36} Appellant initially argues that, as applied to the facts of this case, imposing Ohio's juvenile registration regime on him is "cruel and unusual" within the meaning of the Eighth Amendment and the meaning of Article I, Section 9 of the Ohio Constitution.

**{¶37}** A party can challenge a statute as being unconstitutional on its face or as applied to a particular set of facts. *Harrold v. Collier,* 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37. The party contending that a statute is unconstitutional as applied bears the burden to present clear and convincing evidence of a presently existing state of facts that make the statute unconstitutional and void when applied to those facts. *Id.* at ¶ 38.

**{¶38}** The Eighth Amendment to the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." "Central to the Constitution's prohibition against cruel and unusual punishment is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.' " *In re C.P.,* 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, at ¶ 25, quoting *Weems v. United States,* 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910).

**{¶39}** The Ohio Constitution, Article I, Section 9, contains its own prohibition against cruel and unusual punishment. It provides unique protection for Ohioans.

**{¶40}** The Ohio Constitution is a document of independent force. In the areas of individual rights and civil liberties, the United States Constitution, where applicable to the states, provides a floor below which state court decisions may not fall. As long as state courts provide at least as much protection as the United States Supreme Court has provided in its interpretation of the federal Bill of Rights, state courts are unrestricted in according greater civil liberties and protections to individuals and groups.

**{¶41}** *Arnold v. Cleveland,* 67 Ohio St.3d 35, 616 N.E.2d 163 (1993), paragraph one of the syllabus. Thus, the Ohio Constitution, Article I, Section 9, provides protection independent of the protection provided by the Eighth Amendment.

**{¶42}** In its own jurisprudence regarding Article I, Section 9, the Ohio Supreme Court has recognized that cases involving cruel and unusual punishments are rare, "limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person." *McDougle v. Maxwell,* 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964). Lack of proportionality is a key factor: "A punishment does not violate the constitutional prohibition against cruel and unusual punishments, if it be not so greatly disproportionate to the offense as to shock the sense of justice of the community." *State v. Chaffin,* 30 Ohio St.2d 13, 282 N.E.2d 46 (1972), paragraph three of the syllabus.

**{¶43}** Appellant argues that requiring him to register as a sex offender for 10 years is cruel and unusual punishment because he was a juvenile at the time of the offense, because his conduct was among the least egregious forms of the offenses in this case, because he was a first time offender and because there was evidence before the trial court that appellant had a low risk of reoffending.

**{¶44}** However, we cannot say that Ohio's juvenile offender registration regime, as applied to appellant, is "cruel and unusual." Appellant, in this case, made a video of him and the victim and showed it to other juveniles. There was evidence before the trial court that appellant had a history of inappropriate, aggressive behavior, had a lengthy history of behavioral issues in school and had a history of defying authority and acting out inappropriately with peers. Appellant had received infractions while at DYS for failing to follow staff directions and house rules. Moreover, appellant can, pursuant to R.C.

2152.84, request declassification at the completion of his case and can, pursuant to Section 2152.85, have his classification reviewed every three years.

**{¶45}** Appellant also argues that, "as applied" to the facts of this case, the mandatory aspect of Ohio's juvenile offender registration regime violates the Equal Protection clauses of the Fourteenth Amendment and Article I, Section 2 of the Ohio Constitution. Appellant notes that classification would not have been mandatory under R.C. 2152.83(A) (1) if he had been 15 years old at the time of the offense rather than 17 years old. Appellant also argues that, as applied, the registration regime violates due process.

**{¶46}** However, appellant has failed to meet the burden of presenting clear and convincing evidence of a presently existing state of facts that make the statute unconstitutional and void when applied to those facts. We concur with appellee that there is nothing unique in this case that would set appellant apart from court rulings upholding the constitutionality of the juvenile sex offender law. We also agree with the trial court that there is no case law holding that the juvenile sex offender registrant law is unconstitutional as applied to the facts herein. We note that we disagree with appellant's assertion that appellant's conduct was "innocuous."

**{¶47}** We further find that the trial court did not err in classifying appellant as a juvenile offender registrant.  The trial court had broad discretion to determine whether appellant should be classified as a Tier I, Tier II or Tier III juvenile sex offender. See *In Re C.P.,* supra.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶48}** In addition to the facts set forth above, there was evidence that appellant had a history of inappropriate aggressive behavior, a lengthy behavioral school history, a history of defying authority and of acting out inappropriately with other peers in aggression. Appellant received infractions at DYS for not following staff direction and house rules. As noted above, the age of the victims was 15 and appellant was 17. Appellant showed pornography involving a minor to two other minors. Based on the forgoing, we find that the trial court's decision to classify appellant as a Tier I offender was not arbitrary, unconscionable or unreasonable.

**{¶49}** Appellant's second assignment of error, is, therefore, overruled.

**{¶50}** Accordingly, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.

By: Baldwin, J.

Gwin, Scott, P.J. and

Delaney, Patricia, J. concur.