**In re HENSLEY.**

[Cite as *In re Hensley,* 154 Ohio App.3d 210, 2003-Ohio-4619.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA2003–01–004.

Decided Sept. 2, 2003.

Ruppert, Bronson, Ruppert & D'Amico Co., L.P.A., and Ronald W. Ruppert, for appellant Gordon Hensley.

Rachel A. Hutzel, Warren County Prosecuting Attorney, and Leslie Meyer, Assistant Prosecuting Attorney, for appellee state of Ohio.

VALEN, Presiding Judge.

{¶ 1} Appellant, Gordon Hensley, appeals from the Warren County Common Pleas Court's denial of his application for relief from statutory disability to possess firearms.

{¶ 2} On October 28, 1994, Hensley pled guilty in the Warren County Common Pleas Court to one count of gross sexual imposition brought pursuant to R.C. 2907.05. The trial court convicted Hensley of that offense and placed him on probation for five years. On January 8, 1997, the trial court discharged Hensley from probation.

{¶ 3} On May 24, 2002, Hensley, acting pursuant to R.C. 2923.14, applied for relief from statutory disability to possess a firearm imposed by R.C. 2923.13. On October 29, 2002, the state requested that Hensley's application be denied on the basis that Hensley "is not eligible for expungement and therefore should not have weapons which may be used to duplicate his previous activity."

{¶ 4} On November 12, 2002, the trial court held a hearing on Hensley's application. Hensley argued that to apply R.C. 2923.13 to preclude him from ever bearing firearms may violate either the United States or Ohio Constitutions. The trial court granted both parties the opportunity to brief the constitutional issues raised by Hensley's application.

{¶ 5} Both parties responded with memoranda outlining their respective positions. Hensley argued that applying the current versions of R.C. 2923.13 and 2901.01 to his application would cause his 1994 conviction for gross sexual imposition to be considered an "offense of violence" for purposes of R.C. 2923.13(A)(2), and that, as a result, it would prohibit him from possessing a

firearm. Hensley alleged that such a retrospective application of the current versions of R.C. 2923.13 and 2901.01 would violate the Retroactivity Clause of the Ohio Constitution. Hensley also alleged that he was entitled to relief from disability in light of the criteria set forth in R.C. 2923.14(D).

{¶ 6} On December 19, 2002, the trial court issued a decision and entry that stated as follows:

{¶ 7} "Under R.C. 2923.14 one of the prerequisites for granting the relief sought here is that the applicant 'is not otherwise prohibited by law from acquiring, having, or using firearms.' R.C. 2923.13 states that a person is prohibited from possessing a firearm if the person 'has been convicted of any felony offense of violence * * *.' Effective July 1, 1996, R.C. 2901.01 defines the crime of gross sexual imposition as an 'offense of violence.' However, at the time [of] this applicant's plea and sentence here gross sexual imposition was not classified as an 'offense of violence.'

{¶ 8} "The applicant argues that the July 1, 1996 version of R.C. 2901.01 cannot be applied retroactively so as to disqualify him from relief because to do so would be a violation of Article II, Section 28 of the Ohio Constitution.

{¶ 9} "* * * We conclude that the language of R.C. 2923.13 expressly provides for retroactive application. We further find that the change in the statute which became effective on July 1, 1996 is remedial rather than substantive and has a regulatory and non-punitive purpose. Therefore, applying the amended statute does not violate the Ohio State Constitution.

{¶ 10} "The plaintiff's application is hereby DENIED."

{¶ 11} Hensley appeals from the trial court's judgment denying his application, raising three assignments of error. To facilitate our analysis, we shall first address Hensley's third assignment of error.

### Assignment of Error No. 3

{¶ 12} "The trial court erred in holding that the application of R.C. 2901.01 and 2923.13 (as amended by 1995 S.B. 2) did not impose upon appellant an unconstitutional retroactive disability to bear firearms."

{¶ 13} Hensley argues that the trial court erred by applying the current versions of R.C. 2923.13 and R.C. 2901.01 to his case because doing so violates the Retroactivity Clause contained in Section 28, Article II of the Ohio Constitution.

{¶ 14} R.C. 2923.13 provides:

{¶ 15} "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

{¶ 16} "* * *

{¶ 17} "(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

{¶ 18} "* * *."

{¶ 19} R.C. 2901.01(A)(9)(a) defines the term "offense of violence" to include violations of R.C. 2907.05, the statute criminalizing gross sexual imposition. Thus, under the current versions of R.C. 2923.13 and 2901.01, a person who is under indictment for, or who has been convicted of, gross sexual imposition is prohibited from knowingly acquiring, having, carrying, or using any firearm or dangerous ordnance, unless relieved from disability as provided in R.C. 2923.14.

{¶ 20} The aforementioned versions of R.C. 2923.13 and 2901.01 became effective on July 1, 1996. Prior to that time, gross sexual imposition was not considered an offense of violence, as that term was defined in former R.C. 2901.01(I)(1), the predecessor of current R.C. 2901.01(A)(9)(a). Thus, under the former versions of R.C. 2923.13 and 2901.01, a conviction for gross sexual imposition did not subject the offender to the disability of knowingly acquiring, having, carrying, or using any firearm, etc.[1]

{¶ 21} Hensley argues that his application for relief from statutory disability should be considered under the versions of R.C. 2923.13 and 2901.01 that were in effect at the time he pled guilty to the gross sexual imposition charge in 1994. Hensley asserts that retrospectively applying the current versions of R.C. 2923.13 and 2901.01 violates the Retroactivity Clause contained in Section 28, Article II of the Ohio Constitution. We disagree with this argument.

{¶ 22} In *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, the court stated at ¶ 10:

{¶ 23} "This court has articulated a two-part framework, involving both statutory and constitutional analyses, for determining whether a statute is impermissibly retroactive under Section 28, Article II. Because R.C. 1.48 establishes a presumption that statutes operate prospectively only, '[t]he issue of whether a

---

1.  {¶ a} The former version of R.C. 2923.13 stated:

{¶ b} "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

{¶ c} "* * *

{¶ d} "(2) Such person is under indictment for or has been convicted of any felony of violence, or has been adjudged a juvenile delinquent for commission of any such felony;

{¶ e} "* * *."

statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly specified that the statute so apply.' *Van Fossen [v. Babcock & Wilcox* (1988)], 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph one of the syllabus. If there is no ' "clear indication of retroactive application, then the statute may *only* apply to cases which arise subsequent to its enactment." ' (Emphasis sic.) Id. at 106, 522 N.E.2d 489, quoting *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 262, 28 OBR 337, 503 N.E.2d 753. If we can find, however, a 'clearly expressed legislative intent' that a statute apply retroactively, we proceed to the second step, which entails an analysis of whether the challenged statute is substantive or remedial. *[State v.] Cook* [(1998)], 83 Ohio St.3d [404,] at 410, 700 N.E.2d 570,; see, also, *Van Fossen*, 36 Ohio St.3d 100 [522 N.E.2d 489], paragraph two of the syllabus."

{¶ 24} As to the first part of the two-part framework for determining whether a statute is impermissibly retroactive, Hensley concedes, as he must, that the legislature clearly intended for R.C. 2923.13 and 2901.01 to be applied retrospectively. This clear legislative intent is evidenced by the wording of R.C. 2923.13(A)(2), which makes the prohibition on acquiring, having, carrying, or using firearms or dangerous ordnance applicable in instances where "[t]he person is under indictment or *has been convicted* of any felony offense of violence[.]" (Emphasis added.)

{¶ 25} As to the second part of the analytical framework for retroactivity issues discussed in *Walls*, Hensley argues that the trial court erred in finding that the changes in R.C. 2923.13 and 2901.01 were remedial rather than substantive. Hensley asserts that the amendments to those statutes are substantive because they impose a new disability to what Hensley claims is his "vested right" to bear arms. We disagree with this assertion.

{¶ 26} "* * * A statute is 'substantive' if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligation, or liabilities as to a past transaction, or creates a new right. *[Van Fossen*, 36 Ohio St.3d] at 107, 522 N.E.2d [489]. Conversely, remedial laws are those affecting only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right. Id. * * *. A purely remedial statute does not violate Section 28, Article II of the Ohio Constitution, even if applied retroactively. See id. * * *." *State v. Cook* (1998), 83 Ohio St.3d 404, 411, 700 N.E.2d 570.

{¶ 27} "Vested" is an adjective meaning "[h]aving become a completed, consummated right for present or future enjoyment; not contingent; unconditional; absolute * * *." Black's Law Dictionary (7th Ed.1999) 1557. A "vested right" is

"[a] right that so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent." Id. at 1324.

{¶ 28} The Ohio Supreme Court has held that "where no vested right has been created, 'a later enactment will not burden or attach a new disability to a past transaction or consideration in the constitutional sense, unless the past transaction or consideration * * * created at least a reasonable expectation of finality.' *State ex rel. Matz v. Brown* (1988), 37 Ohio St.3d 279, 281, 525 N.E.2d 805 * * *." *Cook* at 412, 700 N.E.2d 570. "Except with regard to constitutional protections against ex post facto laws * * * *felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation.*" (Emphasis added.) *Matz* at 281–282, 525 N.E.2d 805, quoted in *Cook* at 412, 700 N.E.2d 570.

{¶ 29} Applying the foregoing principles to the case before us, we conclude that the provisions contained in the amended versions of R.C. 2923.13 and 2901.01 are remedial, rather than substantive, statutes, and that their retrospective application does not violate Section 28, Article II of the Ohio Constitution. First, despite Hensley's contention to the contrary, there is no unconditional, "vested right" in this state to own or carry a firearm. See *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 46–47, 616 N.E.2d 163 (the fundamental right of Ohio citizens to bear arms is not an absolute unlimited right, but, instead, is subject to reasonable regulation).

{¶ 30} Second, the retrospective application of the current versions of R.C. 2923.13 and 2901.01 to Hensley's 1994 conviction for gross sexual imposition does not attach a new disability to a past transaction in the constitutional sense, because felons like Hensley have no reasonable expectation that their conduct will never be made the subject of future legislation. See *Cook,* 83 Ohio St.3d at 412, 700 N.E.2d 570, quoting *Matz,* 37 Ohio St.3d at 282–282, 525 N.E.2d 805. Accordingly, we conclude that the trial court did not err by applying the current versions of R.C. 2923.13 and 2901.01 in considering Hensley's application for relief from statutory disability to possess a firearm.

{¶ 31} Hensley's third assignment of error is overruled.

### Assignment of Error No. 1

{¶ 32} "The trial court abused its discretion by denying appellant Hensley's application for relief without holding a hearing as required by R.C. 2923.14(D)."

### Assignment of Error No. 2

{¶ 33} "The trial court abused its discretion by denying appellant Hensley's application for relief without specifically reviewing the statutory eligibility criteria set forth in R.C. 2923.14(D)(1) through (3)."

{¶ 34} We shall address Hensley's first and second assignments of error jointly, because they both involve whether the trial court followed the proper procedures outlined in R.C. 2923.14 in denying Hensley's application.

{¶ 35} Hensley argues that the trial court abused its discretion by denying his application for relief from R.C. 2923.13's statutory disability to possess a firearm, without holding a hearing, as required by R.C. 2923.14(D). Hensley further argues that the trial court abused its discretion by denying his application without reviewing the criteria listed in R.C. 2923.14(D)(1) through (3) to determine his eligibility for relief. We agree with Hensley's arguments.

{¶ 36} R.C. 2923.14(D) states:

{¶ 37} "Upon hearing, the court may grant the applicant relief pursuant to this section, if all of the following apply:

{¶ 38} "(1) The applicant has been fully discharged from imprisonment, probation, and parole, or, if he is under indictment, has been released on bail or recognizance;

{¶ 39} "(2) The applicant has led a law-abiding life since his discharge or release, and appears likely to continue to do so;

{¶ 40} "(3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms."

{¶ 41} Although the wording of the statute is not as clear as it should be, we conclude that R.C. 2923.14(D) mandates that a trial court hold a hearing on any application for relief from disability imposed by virtue of R.C. 2923.13(A)(2) or (3). Other courts have so held. See, e.g., *Smith v. State* (Apr. 21, 1994), Cuyahoga App. No. 65101, 1994 WL 144503; and *State v. Jomaa* (Nov. 30, 1990), Lucas App. No. L–90–026, 1990 WL 187240. "At the required hearing, 'an opportunity for both sides to present evidence must be afforded relevant to the facts enunciated in the statute. Due process so dictates!' " *Smith,* Cuyahoga App. No. 65101, 1994 WL 144503, quoting *Jomaa,* Lucas App. No. L–90–026, 1990 WL 187240. Once it holds that hearing, the trial court has discretion to grant the application if all of the criteria listed in R.C. 2923.14(D)(1) through (3) apply. R.C. 2923.14(D).

{¶ 42} In this case, the trial court held a limited hearing on Hensley's application on November 12, 2002, at which the trial court gave the parties an opportunity to brief constitutional issues raised by Hensley. However, the trial court never held the type of hearing envisioned by the courts in *Smith* and *Jomaa,* i.e., a hearing at which both sides are given an opportunity to present evidence relevant to the criteria listed in R.C. 2923.14(D)(1) through (3). A careful reading of the trial court's December 19, 2002 decision and entry shows

that the trial court did not hold such a hearing because the trial court felt that such a hearing was unnecessary.

{¶ 43} The trial court began its analysis by noting that one of the prerequisites for granting relief under R.C. 2923.14 is that the applicant "is not otherwise prohibited by law from acquiring, having, or using firearms." See R.C. 2923.14(D)(3). The trial court then concluded that Hensley was, in fact, "otherwise prohibited by law from acquiring, having, or using firearms" by virtue of R.C. 2923.13(A)(2). The trial court arrived at this conclusion by determining that Hensley's 1994 conviction for gross sexual imposition constituted a "felony offense of violence," for purposes of R.C. 2923.13(A)(2). The trial court also concluded that the amended versions of R.C. 2923.13 and 2901.01 could be applied without violating the Retroactivity Clause of the Ohio Constitution, because the amended version of R.C. 2923.13, which became effective in 1996, is remedial rather than substantive.

{¶ 44} We have concluded that the trial court was correct in determining that the current versions of R.C. 2923.13 and 2901.01 should be applied to Hensley's situation, and that doing so does not violate the Retroactivity Clause of the Ohio Constitution. We have further concluded that the trial court was correct in determining that Hensley's 1994 conviction for gross sexual imposition constitutes a felony offense of violence for purposes of R.C. 2923.13(A)(2), and that, therefore, Hensley is subject to the disability set forth in R.C. 2923.13(A). However, we conclude that the trial court erred by finding that Hensley's being subject to the disability imposed by R.C. 2923.13 rendered him ineligible for relief under R.C. 2923.14. Hensley is subject to the disability imposed by R.C. 2923.13 only until he is relieved from it, as provided in R.C. 2923.14.

{¶ 45} In support of this, we note that R.C. 2923.13(A) begins by stating "[u]nless relieved from disability as provided in section 2923.14 of the Revised Code * * *." And R.C. 2923.14(A) states that "[a]ny person who, solely by reason of his disability under division (A)(2) or (3) of section 2923.13 of the Revised Code, is prohibited from acquiring, having, carrying, or using firearms, may apply to the court of common pleas in the county where he resides for relief from such prohibition."

{¶ 46} Thus, it is evident from a careful reading of R.C. 2923.13(A) and 2923.14(A) that the fact that a person is subject to a disability under R.C. 2923.13(A) does *not* make him ineligible from being relieved of that disability pursuant to R.C. 2923.14. Indeed, being subject to a disability under R.C. 2923.13(A)(2) or (3) is a necessary prerequisite for being entitled to relief under R.C. 2923.14.

{¶ 47} Accordingly, on remand, the trial court shall hold the type of hearing envisioned in *Smith*, Cuyahoga App. No. 65101, 1994 WL 144503; and *Jomaa*,

Lucas App. No. L–90–026, 1990 WL 187240. Both sides must be given an opportunity to present evidence relevant to the criteria listed in R.C. 2923.14(D)(1) through (3).

{¶ 48} Hensley's first and second assignments of error are sustained.

{¶ 49} The trial court's judgment is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part
and cause remanded.

WILLIAM W. YOUNG and POWELL, JJ., concur.