[Cite as *In re Allender*, 2018-Ohio-2147.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

IN RE: JOSHUA ALLENDER.　　　　　　:　　　**O P I N I O N**

　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　**CASE NO.  2017-P-0090**


Civil Appeal from the Portage County Court of Common Pleas, Case No.  2016 CV 00835.

Judgment: Affirmed.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Appellee State of Ohio).

*Russell S. Bensing*, 600 The IMG Building, 1360 East Ninth Street, Cleveland, OH 44114 (For Appellant Joshua Allender).


TIMOTHY P. CANNON, J.

{¶1}　Appellant, Joshua Allender, appeals from the November 6, 2017 entry of the Portage County Court of Common Pleas, denying his application for relief from weapons disability.  The judgment is affirmed.

{¶2}　On January 28, 2005, appellant pled guilty to three counts of aggravated robbery, two counts of aggravated burglary, one count of carrying a concealed weapon, and two firearm specifications.  The offenses occurred when appellant was a juvenile, but the matter had been bound over to the Stark County Court of Common Pleas.  Appellant was sentenced to nine years in prison.

{¶3} Appellant was granted judicial release on December 22, 2011, and completed the terms and conditions of his probation on June 17, 2013.

{¶4} On September 13, 2016, appellant filed an application for relief from weapons disability, pursuant to R.C. 2923.14, with the Portage County Court of Common Pleas. Appellee, the state of Ohio, filed a response in opposition on November 2, 2017.

{¶5} The trial court denied the application on November 6, 2017. The entry reads, in its entirety, as follows:

> This matter came before the Court upon Joshua Allender's Motion for Relief from Disability and the Response of the State of Ohio, in which the government objected to the relief requested by Applicant. The Court has reviewed the pleadings, the criminal history of the Applicant provided by the government under seal, the arguments made by counsel, and the applicable law.
>
> Applicant is directed, pursuant to O.R.C. 2923.14, to recite in his application all of the indictments, convictions, or adjudications upon which the Applicant's disability is based. Applicant failed to include in his application to this court his firearm specification conviction, which is a violation of O.R.C. 2941.145.
>
> The Court has considered the purposes and principles for the restriction imposed upon the Applicant and the factors to be considered in granting the relief requested and hereby denies the Applicant's request.

{¶6} Appellant filed a timely notice of appeal from this entry and asserts, as his sole assignment of error:

{¶7} "The Trial Court abused its discretion when it denied Allender's Application for Relief from Weapons Disability."

{¶8} The precise issue presented for review is whether the trial court abused its discretion by denying the application based on the trial court's conclusion that appellant was required to identify the firearm specifications from his 2005 conviction.

2

{¶9} The state responds that the trial court did not abuse its discretion because appellant was ineligible for relief under R.C. 2923.14(A)(2). As of September 14, 2016, R.C. 2923.14(A) was amended to read as follows:

> (1) Except as otherwise provided in division (A)(2) of this section, any person who is prohibited from acquiring, having, carrying, or using firearms may apply to the court of common pleas in the county in which the person resides for relief from such prohibition.

> (2) Division (A)(1) of this section does not apply to a person who has been convicted of or pleaded guilty to a violation of section 2923.132 of the Revised Code or to a person who, two or more times, has been convicted of or pleaded guilty to a felony and a specification of the type described in section 2941.141, 2941.144, 2941.145, 2941.146, 2941.1412, or 2941.1424 of the Revised Code.

{¶10} Appellant, however, filed his application one day prior to the enactment of this version of the statute. On September 13, 2016, the day the application was filed, R.C. 2923.14(A) did not include subsection (2); section (A) simply read as follows: "Any person who is prohibited from acquiring, having, carrying, or using firearms may apply to the court of common pleas in the county in which the person resides for relief from such prohibition." Thus, the state's argument is not well taken.

{¶11} Nevertheless, we do not conclude the trial court erred, as appellant's issue for review is also not well taken. Contrary to appellant's position, the trial court did not state that its denial was based on appellant's failure to identify the firearm specifications in his application. Rather, the denial was based upon the trial court's consideration of appellant's criminal history, the purposes and principles for the restriction imposed upon appellant, and the factors to be considered in granting relief, as provided in the statute.

{¶12} R.C. 2923.14(D) provides that, "[u]pon hearing, the court *may* grant the applicant relief pursuant to this section, if all of the following apply" (emphasis added):

3

(1) One of the following applies:

(a) If the disability is based upon an indictment, a conviction, or an adjudication, the applicant has been fully discharged from imprisonment, community control, post-release control, and parole, or, if the applicant is under indictment, has been released on bail or recognizance.

(b) If the disability is based upon a factor other than an indictment, a conviction, or an adjudication, that factor no longer is applicable to the applicant.

(2) The applicant has led a law-abiding life since discharge or release, and appears likely to continue to do so.

(3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms.

{¶13} "By using the word 'may,' the General Assembly has drafted a permissive statute." *In re Chrosniak*, 8th Dist. Cuyahoga No. 105459, 2017-Ohio-7408, ¶14, citing *In re I.A.*, 140 Ohio St.3d 203, 2014-Ohio-3155, ¶13. "Because the determination of whether to grant an application for relief from disability under R.C. 2923.14(D) is vested within a trial court's broad discretion, '[a] court of appeals reviews a trial court's decision either granting or denying an application for relief from disability under an abuse of discretion standard.'" *Id.*, citing *State v. Brown*, 8th Dist. Cuyahoga No. 96615, 2011-Ohio-5676, ¶17. "A court abuses its discretion when it acts unreasonably, arbitrarily, or unconscionably." *Id.*, citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 107 (1995).

{¶14} The record supports the contention in appellant's application that he has led a law-abiding life since his release from probation. However, "a trial court is free to consider the nature and extent of the applicant's prior criminal activity in determining that

4

the person is not a fit subject for relief under R.C. 2923.14." *State v. Lerch*, 4th Dist. Washington No. 15CA39, 2016-Ohio-2791, ¶26, citing *Brown*, *supra*, at ¶22.

{¶15} Here, although appellant does not have an extensive criminal history, his 2005 convictions involved offenses of violence committed with a firearm. "While a prior conviction for an offense of violence does not preclude a trial court from granting an application for relief from weapons disability, it is a relevant circumstance the trial court may weigh in exercising its permissive discretion under R.C. 2923.14 to deny an application." *Chrosniak*, *supra*, at ¶24.

{¶16} The trial court's decision is supported by the record, and we cannot conclude that the trial court abused its discretion in denying appellant's application for relief from weapons disability.

{¶17} Appellant's sole assignment of error is without merit.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents.

5