[Cite as *In re Parks*, 2021-Ohio-1258.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: STEVEN A. PARKS | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2020-G-0269** |
| | : | |
| | : | |

Civil Appeal from the Geauga County Court of Common Pleas.
Case No. 2020 MISC 000391.

Judgment: Reversed and remanded.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Gregory Scott Robey*, Robey & Robey, 14402 Granger Road, Cleveland, OH 44137 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Steven A. Parks ("Mr. Parks"), appeals from the judgment entry of the Geauga County Court of Common Pleas denying his application for relief from weapons disability.

{¶2} Mr. Parks contends that the trial court erred by (1) summarily denying his application without an oral hearing, (2) failing to recognize the evidence in support of his application, and (3) failing to make factual findings in its judgment entry. The state of Ohio concedes error with respect to Mr. Parks' first argument.

{¶3} After a careful review of the record and pertinent law, we find that Mr. Parks was entitled to an evidentiary hearing on his application for relief from disability pursuant to R.C. 2923.14(D). Therefore, the trial court abused its discretion by denying Mr. Parks' application without first affording such a hearing.

{¶4} We reverse the trial court's judgment and remand the case to the trial court with instructions to hold a hearing and give both sides an opportunity to present evidence relevant to the criteria listed in R.C. 2923.14(D)(1) through (3). The remainder of Mr. Parks' first assignment of error and his second assignment of error are moot pursuant to App.R. 12(A)(1)(c).

### Substantive and Procedural History

{¶5} In July 2020, Mr. Parks, by and through counsel, filed an application for relief from weapons disability pursuant R.C. 2923.14 in the Geauga County Court of Common Pleas.

{¶6} Mr. Parks stated that he is a current resident of Chardon, Ohio, and has two prior felony convictions that preclude him from owning or possessing a firearm. Specifically, in September 1984, he pleaded guilty to aggravated assault in the Cuyahoga County Court of Common Pleas. He was sentenced to two years of probation, which he successfully completed in 1986. In August 1993, he pleaded guilty to gross sexual imposition in the same court. He was initially sentenced to a prison term of two years but received shock probation a month later. His prison sentence was converted to five years of probation, which he successfully completed in 1999.

{¶7} Mr. Parks supported his application with several assertions of fact regarding positive changes in his life following his convictions. He further stated that he seeks relief

2

from his weapons disability for the purpose of purchasing a firearm for home defense and to have his civil liberties restored after having paid his debt to society.

{¶8} The state filed a response requesting that the trial court deny Mr. Parks' application. The state argued that Mr. Parks' firearm disability should remain in place based on the severity of the offenses for which he was convicted. In support, the state attached purported copies of reports from the Cleveland and Euclid Police Departments relating to Mr. Parks' offenses.

{¶9} Mr. Parks filed a reply in which he asserted additional and more specific facts regarding the positive changes in his life. He also requested that the trial court set the matter for hearing.

{¶10} In September 2020, the trial court filed a judgment entry that stated as follows:

{¶11} "This matter is before the Court upon:

{¶12} "1. Applicant's Application for Relief from Weapons Disability,

{¶13} "2. State's Response to Application for Relief from Weapons Disability; and

{¶14} "3. Applicant's Reply to the State's Response.

{¶15} "Upon consideration and review, the Court finds the Application for Relief from Weapons Disability not well-taken and it is hereby denied."

{¶16} Mr. Parks appealed and presents the following two assignments of error for our review:

{¶17} "[1.] The trial court abused its discretion in denying Appellant's Application for Relief from Weapons Disability, and by summarily denying said application without an oral hearing.

3

{¶18} "[2.] The trial court's Journal Entry fails to make specific findings under R.C. 2923.14(D)."

**Standard of Review**

{¶19} This court has held that the determination of whether to grant an application for relief from disability under R.C. 2923.14(D) is vested within a trial court's broad discretion. *In re Allender*, 11th Dist. Portage No. 2017-P-0090, 2018-Ohio-2147, ¶ 13. Therefore, we review a trial court's decision either granting or denying an application for relief from disability under an abuse of discretion standard. *Id.*

{¶20} An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error. *Id.* at ¶ 67. By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error. *Id.*

**Hearing Requirement**

{¶21} Within his first assignment of error, Mr. Parks contends that the trial court erred by summarily denying his application without conducting an "oral hearing." The state concedes that R.C. 2923.14(D) required the trial court to hold a "hearing" on Mr. Parks' application and requests that the case be remanded for that purpose.

{¶22} Despite the state's concession of error, this issue merits discussion.

### *Relief From Disability*

{¶23} In Ohio, a person is prohibited from "knowingly acquir[ing], hav[ing], carry[ing], or us[ing] any firearm or dangerous ordnance," where, as here, certain conditions apply, including having been convicted of specified felony offenses, "[u]nless relieved from disability under operation of law or legal process." R.C. 2923.13(A)(2) and (3).

{¶24} R.C. 2923.14 provides the mechanism in Ohio to restore a person's "civil firearm rights." *See* R.C. 2923.14(F).

{¶25} R.C. 2923.14(A)(1) provides that "[a]ny person who is prohibited from acquiring, having, carrying, or using firearms may apply to the court of common pleas in the county in which the person resides for relief from such prohibition."[1]

{¶26} Under R.C. 2923.14(B), the application shall recite the following:

{¶27} "(1) All indictments, convictions, or adjudications upon which the applicant's disability is based, the sentence imposed and served, and any release granted under a community control sanction, post-release control sanction, or parole, any partial or conditional pardon granted, or other disposition of each case, or, if the disability is based upon a factor other than an indictment, a conviction, or an adjudication, the factor upon which the disability is based and all details related to that factor;

{¶28} "(2) Facts showing the applicant to be a fit subject for relief under this section."

{¶29} R.C. 2923.14(C) provides that "[a] copy of the application shall be served

---

1. R.C. 2923.14(A)(2) provides that persons who have been convicted of or pleaded guilty to certain offenses may not apply for relief from disability. The state did not oppose Mr. Parks' application on this basis.

on the county prosecutor. The county prosecutor shall cause the matter to be investigated and shall raise before the court any objections to granting relief that the investigation reveals."

{¶30} R.C. 2923.14(D) authorizes a trial court to grant an application for relief from disability if certain requirements are satisfied. It provides as follows:

{¶31} "*Upon hearing*, the court may grant the applicant relief pursuant to this section, if all of the following apply:

{¶32} "(1) One of the following applies:

{¶33} "(a) If the disability is based upon an indictment, a conviction, or an adjudication, the applicant has been fully discharged from imprisonment, community control, post-release control, and parole, or, if the applicant is under indictment, has been released on bail or recognizance.

{¶34} "(b) If the disability is based upon a factor other than an indictment, a conviction, or an adjudication, that factor no longer is applicable to the applicant.

{¶35} "(2) The applicant has led a law-abiding life since discharge or release, and appears likely to continue to do so.

{¶36} "(3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms." (Emphasis added.)

### Form of Hearing

{¶37} R.C. 2923.14(D) does not specify the form of the required "hearing" on an application for relief from disability.

{¶38} As this court has recognized, there are essentially three types of hearings: (1) "'an evidentiary hearing at which evidence is adduced and a "trial" is conducted upon

6

a preliminary issue"'; (2) "'an oral hearing at which no evidence is adduced, but only arguments of counsel are presented, although evidence may have been presented by way of affidavit"'; and (3) "'a nonoral hearing,'" in which the matter is "'determined by the court upon written argument and evidence (such as an affidavit * * *), without appearance of either party at an oral hearing.'" *Reo v. Univ. Hosps. Health Sys.*, 2019-Ohio-1411, 131 N.E.3d 986, ¶ 26 (11th Dist.), quoting *Breeding v. Herberger*, 81 Ohio App.3d 419, 423, 611 N.E.2d 374 (10th Dist.1992).

**{¶39}** Courts that have interpreted R.C. 2923.14(D) have determined that it requires what we have characterized as an "evidentiary hearing."

**{¶40}** For instance, in *State v. Jomaa*, 6th Dist. Lucas No. L-90-026, 1990 WL 187240 (Nov. 30, 1990), the Sixth District Court of Appeals held that at the required hearing, "an opportunity for both sides to present evidence must be afforded relevant to the facts enunciated in the statute. Due process so dictates!" (Exclamation sic). *Id.*

**{¶41}** The Eighth, Twelfth, and Fifth Districts have adopted the *Jomaa* court's interpretation. *See Smith v. State*, 8th Dist. Cuyahoga No. 65101, 1994 WL 144503, *2 (Apr. 21, 1994); *In re Hensley*, 154 Ohio App.3d 210, 2003-Ohio-4619, 796 N.E.2d 973, ¶ 41 (12th Dist.); *State v. Stotler*, 5th Dist. Holmes No. 09-CA-17, 2010-Ohio-2274, ¶ 17-18.

**{¶42}** In *Hensley*, the Twelfth District held that "[a]lthough the wording of the statute is not as clear as it should be, * * * R.C. 2923.14(D) mandates that a trial court hold a hearing on any application for relief from disability imposed by virtue of R.C. 2923.13(A)(2) or (3)" at which "[b]oth sides [are] given an opportunity to present evidence relevant to the criteria listed in R.C. 2923.14(D)(1) through (3)." *Id.* at ¶ 41, ¶ 47.

7

{¶43} Courts have also relied on the due process requirements in R.C. 2923.14 as a basis for upholding the constitutionality of the prohibitions in R.C. 2923.13. *See, e.g., State v. Philpotts*, 2019-Ohio-2911, 132 N.E.3d 743, ¶ 48 (8th Dist.); *State v. Wheatley*, 2018-Ohio-464, 94 N.E.3d 578, ¶ 40 (4th Dist.); *State v. Robinson*, 2015-Ohio-4649, 48 N.E.3d 1030, ¶ 16 (12th Dist.).

{¶44} In *Philpotts*, the Eighth District explained that "R.C. 2923.13 creates an assumption that gun possession by [certain persons] poses a potential risk to public safety." *Id.* at ¶ 29. "R.C. 2923.14 allows such a person to rebut the presumption and show he or she is a 'law-abiding citizen.'" *Id.* "Under R.C. 2923.14(D), the court is required to hold a hearing and may grant relief if the person * * * can show he or she 'has led a law-abiding life since discharge or release, and appears likely to continue to do so.'" *Id.*, quoting R.C. 2923.14(D)(1)-(2). "Whereas the statute embodies a generalized risk assessment by the General Assembly, the hearing available under R.C. 2923.14 allows the court to make an individualized assessment as to an individual's potential risk." *Id.*

### *Analysis*

{¶45} In this case, the trial court's procedures were similar to what we have characterized as a "nonoral hearing." However, the trial court was not presented with evidentiary-quality material prior to making its determination. Mr. Parks' application and reply contain unsworn assertions presented through counsel, and the state's response relies on uncertified copies of police reports.

{¶46} In addition, Mr. Parks expressly requested a hearing to "impress upon the Court" that he has changed, which suggests that the evidence before the trial court was not exhaustive.

{¶47} We further note that the Geauga County Local Rules of Court envisioned an evidentiary hearing in the present case. Specifically, Loc.R. 7.B.4 provides that "[e]videntiary hearings will be conducted when *necessary evidence cannot be presented in documentary form, disposition turns on a disputed issue of fact*, or the Court so orders." (Emphasis added.)

{¶48} In light of the foregoing authority, we conclude that Mr. Parks was entitled to an evidentiary hearing on his application for relief from disability pursuant to R.C. 2923.14(D). Accordingly, the trial court abused its discretion by denying Mr. Parks' application without first affording such a hearing.

{¶49} Mr. Parks' first assignment of error has merit in part. The trial court's judgment is reversed, and the case is remanded with instructions that the trial court hold a hearing and give both sides an opportunity to present evidence relevant to the criteria listed in R.C. 2923.14(D)(1) through (3).

{¶50} Given our disposition, the remainder of Mr. Parks' first assignment of error and his second assignment of error have been rendered moot pursuant to App.R. 12(A)(1)(c). While Mr. Parks states that his application should be granted, any discussion of the merits of his application is premature since an evidentiary hearing must first be held.

{¶51} The judgment of the Geauga County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

9