[Cite as *Swann v. State*, 2022-Ohio-1977.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Charles Swann                                    Court of Appeals No.  H-21-011

       Appellant                            Trial Court No.  CVH 2021 0299

v.

State of Ohio                                    **DECISION AND JUDGMENT**

       Appellee                             Decided:  June 10, 2022

* * * * *

Benjamin R. Sorber, for appellant.

James J. Sitterly, Huron County Prosecuting Attorney, and
Jacob J. Stephens, Assistant Prosecuting Attorney, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an accelerated appeal from the judgment of the Huron County Court

of Common Pleas, denying appellant's, Charles Swann, Petition for Relief from Firearms

Disability.  For the reasons that follow, we reverse.

## I. Facts and Procedural Background

{¶ 2} On April 14, 2021, Swann initiated the present matter when he filed his Petition for Relief from Firearms Disability pursuant to R.C. 2923.14. Swann later filed an amended petition on June 9, 2021.

{¶ 3} In the petition, Swann stated that in 1981 he was convicted of a Class C felony in the state of Oregon. According to Swann, pursuant to Or.Rev.Stat. 166.270(4)(a), his right to possess firearms in the state of Oregon was restored by operation of law in 1996—15 years after his criminal conviction. Swann asserted that out of an abundance of caution, and because he now lives in Ohio, Swann is seeking to ensure that there is no further disability that would prevent him from lawfully owning a firearm in Ohio.

{¶ 4} As support for his petition, Swann stated that the criminal offense took place nearly 40 years ago, and that since that time he has been a model citizen. Swann claimed that he has had no other criminal convictions during that time. Further, Swann stated that he desired to own a firearm to go hunting with his father and for self-protection.

{¶ 5} Finally, Swann argued that because his Oregon disability expired by operation of law, the Full Faith and Credit Clause of the United States Constitution demanded that Ohio likewise recognize that he is not under any disability to possess a firearm. Swann also argued that he was entitled to a hearing pursuant to R.C. 2923.14(D), where he would have a full opportunity to be heard and to present evidence in support of his petition. Attached to Swann's petition was a "Case Evaluation"

2.

prepared by an out-of-state attorney, which concluded that Swann was no longer under a disability and could legally possess a firearm.

{¶ 6} On July 7, 2021, the state filed its opposition to Swann's petition. The state argued that Swann relied upon the wrong Oregon statute, and that the correct statute was Or.Rev.Stat. 166.274, which provided the mechanism for relieving a firearms disability. Further, the state contended that without a judgment from any Oregon court, there is nothing to which the trial court could award full faith and credit. The state concluded that because no evidence had been submitted in support of Swann's petition, Swann's petition must be denied.

{¶ 7} On July 12, 2021, the trial court set the matter for a "NON-ORAL HEARING" on July 29, 2021, stating in its order that "Counsel and parties are requested not to attend non-oral hearings." Swann moved for a continuance of the hearing on the grounds that counsel was unavailable that day. The trial court denied Swann's motion to continue, stating that since it was a non-oral hearing, attorneys were not required to attend.

{¶ 8} On August 2, 2021, the trial court entered its judgment denying Swann's Petition for Relief from Firearms Disability. The trial court reasoned that there was "insufficient evidence to demonstrate that Swann has been restored to his civil right to possess firearms under the laws of the State of Oregon. Relief may only be granted if the Petitioner is not otherwise prohibited by law from acquiring, having or using firearms, pursuant to R.C. 2923.14(D)(3)."

3.

## II. Assignment of Error

{¶ 9} Swann has timely appealed the trial court's August 2, 2021 judgment entry, and now asserts three assignments of error for our review:

> 1. The trial court erred in denying Appellant's Petition for Relief from Firearms Disability when Appellant met all the factors for relief under R.C. 2923.14(D).
>
> 2. The trial court erred in failing to provide Appellant a hearing on his Petition for Relief from Firearms Disability.
>
> 3. The trial court's denial of Mr. Swann's petition was error in light of public policy and legislative intents behind both Or. Rev. Stat. Ann. 166.270(4)(a) and R.C. 2923.14.

## III. Analysis

{¶ 10} R.C. 2923.14 provides a mechanism for a person who is under a disability prohibiting the person from possessing firearms to have that disability removed by petitioning for relief from the court of common pleas of the county in which the person resides. To that end, R.C. 2923.14(D) lists the criteria to be considered by the trial court:

> (D) Upon hearing, the court may grant the applicant relief pursuant to this section, if all of the following apply:
>
> (1) One of the following applies:
>
> (a) If the disability is based upon an indictment, a conviction, or an adjudication, the applicant has been fully discharged from imprisonment,

community control, post-release control, and parole, or, if the applicant is under indictment, has been released on bail or recognizance.

(b) if the disability is based upon a factor other than an indictment, a conviction, or an adjudication, that factor no longer is applicable to the applicant.

(2) The applicant has led a law-abiding life since discharge or release, and appears likely to continue to do so.

(3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms.

{¶ 11} In his first and third assignments of error, Swann challenges the propriety of the trial court's decision to deny his petition. We find, however, that Swann's second assignment of error presents a threshold issue that must be addressed first.

{¶ 12} In his second assignment of error, Swann argues that the trial court erred when it denied his petition following a non-oral hearing. We agree.

{¶ 13} R.C. 2923.14(D) states, "*Upon hearing*, the court may grant the applicant relief pursuant to this section." (Emphasis added.) We have previously addressed this issue in *State v. Jomaa*, 6th Dist. Lucas No. L-90-026, 1990 WL 187240, *1 (Nov. 30, 1990). In that case, we "interpret[ed] the language of R.C. 2923.14 to wit: '(D) Upon hearing, * * *' to mean that a hearing must be held by the trial court following the filing of a motion seeking relief from disability. At that hearing, an opportunity for both sides to present evidence must be afforded relevant to the factors enunciated in the statute.

5.

Due process so dictates!" *Id.* Other Ohio courts have likewise reached the same conclusion. *See In re Hensley*, 154 Ohio App.3d 210, 2003-Ohio-4619, 796 N.E.2d 973, ¶ 41 (12th Dist.) ("Although the wording of the statute is not as clear as it should be, we conclude that R.C. 2923.14(D) mandates that a trial court hold a hearing on any application for relief from disability imposed by virtue of R.C. 2923.13(A)(2) or (3)."); *State v. Philpotts*, 2019-Ohio-2911, 132 N.E.3d 743, ¶ 48 (8th Dist.) ("Once an application is filed for relief from disability imposed by R.C. 2923.13, the court is required to hold a hearing."); *State v. Stotler*, 5th Dist. Holmes No. 09-CA-17, 2010-Ohio-2274, ¶ 17-18 (trial court erred when it summarily denied motion for relief from weapons disability without conducting a hearing).

{¶ 14} Recently, a nearly identical case was decided by the Eleventh District, which relied upon *Jooma*, *In re Hensley*, and others, and which we find instructive. In *In re Parks*, 2021-Ohio-1258, 170 N.E.3d 1219 (11th Dist.), Parks filed an application for relief from weapons disability in the Geauga County Court of Common Pleas. Parks supported his application with several assertions of fact regarding positive changes in his life following his convictions in 1984 and 1993. The state opposed the application based on the severity of the offenses for which Parks was convicted, attaching purported copies of police reports relating to the offenses. Parks filed a reply in which he asserted additional and more specific facts regarding the positive changes in his life. Parks also requested that the trial court set the matter for a hearing. *Id.* at ¶ 7-9. Not long thereafter, the trial court entered its judgment denying Parks' application.

6.

**{¶ 15}** On appeal, Parks argued that the trial court erred by denying his application without holding an oral hearing. In reversing the judgment of the trial court, the Eleventh District recognized,

> there are essentially three types of hearings: (1) an evidentiary hearing at which evidence is adduced and a "trial" is conducted upon a preliminary issue; (2) an oral hearing at which no evidence is adduced, but only arguments of counsel are presented, although evidence may have been presented by way of affidavit; and (3) "a nonoral hearing," in which the matter is determined by the court upon written argument and evidence (such as an affidavit), without appearance of either party at an oral hearing.

(Internal quotations omitted.) *Id.* at ¶ 38, quoting *Reo v. Univ. Hosps. Health Sys.*, 2019-Ohio-1411, 131 N.E.3d 986, ¶ 26 (11th Dist.). The court then found that the trial court had conducted what was effectively a "nonoral hearing," but held that Parks was entitled to an "evidentiary hearing" on his application for relief from disability pursuant to R.C. 2923.14(D). *Id.* at ¶ 48.

**{¶ 16}** Similarly, in this case, Swann presented an application supported by assertions, not evidence. The trial court set the matter for a non-oral hearing, and Swann moved to continue the hearing so that counsel could be present. The trial court denied the motion for a continuance, and conducted a "non-oral hearing" outside of the presence of the parties and counsel. In light of the decision in *In re Parks*, and consistent with our decision in *Jooma*, we hold that an evidentiary hearing was required for the parties to

7.

present evidence and argument regarding whether the factors in R.C. 2923.14(D)(1)-(3) have been met. Therefore, we hold that the trial court erred when it denied Swann's Petition for Relief from Firearms Disability without holding an evidentiary hearing.

{¶ 17} Accordingly, Swann's second assignment of error is well-taken.

{¶ 18} Because no evidentiary hearing was held in this case, no evidence exists in the record upon which we could determine the merits of Swann's petition. Thus, we do not reach Swann's first and third assignments of error, and they are not well-taken.

## IV. Conclusion

{¶ 19} For the foregoing reasons, we find that substantial justice has not been done the party complaining, and the judgment of the Huron County Court of Common Pleas is reversed. This matter is remanded to the trial court for an evidentiary hearing on Swann's Petition for Relief from Firearms Disability. Appellee, the state of Ohio, is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                          JUDGE

Christine E. Mayle, J.

                                            _____
Myron C. Duhart, P.J.                                     JUDGE
CONCUR.

                                            _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.