[Cite as *In re Crozier*, 2024-Ohio-3150.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

IN THE MATTER OF:

MICHAEL CROZIER

CASE NO. 2024-P-0009

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2023 CV 00896

## O P I N I O N

Decided: August 19, 2024
Judgment: Reversed and remanded

*Myron P. Watson*, 75 Erieview Plaza, Suite 108, Cleveland, OH 44114 (For Appellant, Michael Crozier).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Appellee, State of Ohio).

MATT LYNCH, J.

{¶1}   Appellant, Michael Crozier, appeals from the judgment of the Portage County Court of Common Pleas, denying his Application for Relief from Weapons Disability.  For the following reasons, we reverse the decision of the lower court and remand for further proceedings consistent with this opinion.

{¶2}   On November 6, 2023, Crozier filed an Application for Relief from Weapons Disability Pursuant to R.C. 2923.14 in the Portage County Court of Common Pleas, which contained a notation requesting an oral hearing.  The application stated

that the basis for the disability was a conviction for Gross Sexual Imposition in Portage County Common Pleas Case No. 2007 CR 0570. For that offense, he was sentenced to 18 months in prison, which term was completed in 2009. He argued that, since that time, he has demonstrated he is a law-abiding citizen who has been employed in his current job as a truck driver for over 14 years.

{¶3} The State filed a Response, in which it observed that Crozier had been subject to a Domestic Violence Protection Order in 2014, protecting the stepdaughter who was the victim in the Gross Sexual Imposition case. The State opposed Crozier's request, arguing that "he poses a continuing threat to the safety and welfare of the victim as he continued to stalk and harass [her] even after his conviction and imprisonment for improper sexual contact with her."

{¶4} On January 11, 2024, the trial court issued an Order finding that Crozier "has not lived a law-abiding life since his conviction in 2008 and does not appear likely to do so in the future," based on the protection order referenced by the State. It denied Crozier's application.

{¶5} Crozier timely appeals and raises the following assignment of error:

{¶6} "The trial court erred in denying the petitioner's application for relief from disability without a hearing."

{¶7} Crozier argues that, pursuant to this court's decision in *In re Parks*, 2021-Ohio-1258 (11th Dist.), the trial court was required to hold a hearing on his application prior to issuing a ruling. The State concedes the error based on this precedent.

{¶8} The trial court's determination of whether to grant an application for relief

2

from disability under R.C. 2923.14(D) is reviewed for an abuse of discretion. *In re Allender*, 2018-Ohio-2147, ¶ 13 (11th Dist.). An abuse of discretion is the court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary (8th Ed. 2004).

{¶9} Pursuant to R.C. 2923.13(A)(2), "[u]nless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance," if they have been convicted of Gross Sexual Imposition. R.C. 2923.14(A)(1) provides that a person subject to such prohibition "may apply to the court of common pleas in the county in which the person resides for relief from such prohibition." This application shall include his convictions and sentence and facts showing he is "a fit subject for relief." R.C. 2923.14(B)(1) and (2).

{¶10} A trial court is authorized to grant an application for relief from disability under certain circumstances. R.C. 2923.14(D)(1)-(3) provides that, "*[u]pon hearing*, the court may grant the applicant relief pursuant to this section" if the person has been discharged from imprisonment, has led a law-abiding life and appears likely to continue to do so, and is not otherwise prohibited from having firearms. (Emphasis added).

{¶11} In *Parks*, 2021-Ohio-1258, this court observed that while "R.C. 2923.14(D) does not specify the form of the required 'hearing' on an application for relief from disability . . . [c]ourts that have interpreted R.C. 2923.14(D) have determined that it requires what we have characterized as an 'evidentiary hearing.'" *Id.* at ¶ 37 and 39, citing *State v. Jomaa*, 1990 WL 187240, *1 (6th Dist. Nov. 30, 1990)

3

("a hearing must be held by the trial court following the filing of a motion seeking relief from disability" at which "an opportunity for both sides to present evidence must be afforded"); *State v. Hairston,* 2009-Ohio-3382, ¶ 18 (8th Dist.) ("the lower court erred in denying Hairston's application for relief from disability without a hearing").

{¶12} In *Parks*, this court reversed the order of the lower court denying the appellant's application for relief from weapons disability where the "trial court's procedures were similar to what we have characterized as a 'nonoral hearing,'" i.e., where it reviewed the parties' filings and issued a ruling. *Id.* at ¶ 45. It held that this was insufficient since the defendant had requested a hearing and "the trial court was not presented with evidentiary-quality material prior to making its determination" since the application contained unsworn assertions. *Id.* at ¶ 45-46. Similarly, Crozier requested an oral hearing and made unsworn statements in his application but did not get the opportunity to present evidentiary-quality material to support his arguments at a hearing. An evidentiary hearing was required pursuant to R.C. 2923.14(D). *Parks* at ¶ 48; *Swann v. State*, 2022-Ohio-1977, ¶ 16 (6th Dist.).

{¶13} Based on the foregoing, we find that the trial court erred in denying Crozier's application for relief without holding an evidentiary hearing. *Parks* at ¶ 48. The trial court's judgment is reversed, and the matter is remanded with instructions for the trial court to hold a hearing and give both sides an opportunity to present evidence relevant to the criteria listed in R.C. 2923.14(D). *Id.* at ¶ 49.

{¶14} The sole assignment of error is with merit.

{¶15} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, denying Crozier's Application for Relief from Weapons Disability, is

4

reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.


EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2024-P-0009